Pantry Quik, Inc. *v.* Zoning Board of Adjustment of the City of Hazleton.

Argued January 21, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Edmund J. McCullough,* for appellant.

*Martin D. Cohn,* with him *Frank J. Gormley, Bart E. Ecker,* and *Laputka, Bayless, Ecker & Cohn,* for appellee.

OPINION BY JUDGE KRAMER, March 3, 1971:

This is an appeal from an Order of the Court of Common Pleas of Luzerne County by the Zoning Board of Adjustment (appellant) in which the appeal of Pantry Quik, Inc. (appellee) was sustained and the Board was directed to issue a zoning permit as had been requested by Pantry Quik for the construction of a grocery store in the city of Hazleton.

On July 29, 1969, Pantry Quik applied for a rear yard variance. This application was denied by the zoning administrator, and Pantry Quik appealed to the Zoning Board of Adjustment, which, after a hearing on September 3, 1969, denied Pantry Quik's request for a variance. No appeal in that matter was taken.

After redesigning its plan and relocating the proposed building, Pantry Quik on September 24, 1969, made an application for a zoning permit and requested the zoning administrator to issue a certification showing that the proposed construction would comply with the city zoning ordinance. This application was also denied, and Pantry Quik appealed that determination to the Zoning Board of Adjustment.

After hearing, the Board on November 1, 1969, affirmed the decision of the zoning administrator by a vote of 2 to 1. Pantry Quik appealed this adjudication to the Common Pleas Court of Luzerne County on November 12, 1969. The Common Pleas Court took additional testimony in the matter, but before a decision could be rendered, the hearing judge, Hon. JACOB SCHIFFMAN, died. Counsel for the City and Pantry Quik thereafter entered into a stipulation which reads in part as follows: ". . . that with the untimely death of Judge Jacob Schiffman, prior to rendering an adjudication in the above matter, it will not be necessary that another hearing be held on the matter for the purpose of taking testimony, and the appellant further agrees that the matter can be decided upon the record when transcribed."

The matter was then presented to another judge of the Court of Common Pleas, who on September 16, 1970, sustained the appeal of Pantry Quik and directed the Board to issue the zoning permit. The Board then filed its appeal in this Court from the Order of the court below.

The Board argues that the lower court committed an error in not affirming or replacing the findings of fact by the Board under the provisions of Section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     (53 P.S. 11009).     That section reads as follows: "If no verbatim record of testimony before the board was made, or if upon motion, it is shown that proper consideration of the zoning appeal requires the presentation of additional evidence a judge of the court may hold a hearing to receive such evidence or may remand the case to the board or refer to a referee to receive such evidence. Final decision of each zoning appeal shall be made by the court, or a judge thereof considering the record and the findings of fact made by the board as supplemented and replaced by findings of fact made by judge or referee. The final decision shall contain conclusions of law, and: (1) where the appeal is from the decision of the board, the court may reverse, affirm, or modify the decision appealed. . . ."

The law is clear in these zoning appeal cases that where a lower court takes additional testimony or receives additional evidence it should then decide the case on its merits. The issue presented to the reviewing court is not whether the Zoning Board abused its discretion, but whether the court abused its discretion. The principle was succinctly set forth by our Pennsylvania Supreme Court in the case of *Richman v. Zoning Board of Adjustment*, 391 Pa. 254, 137 A. 2d 280 (1958) where the Court said, at page 257: "Having taken additional testimony it was the court's duty to determine the case on its merits rather than on the issue whether the Board had committed a manifest abuse of discretion: Garbev Zoning Case, 385 Pa. 328, 335, 122 A. 2d 682; in re Volpe Appeal, 384 Pa. 374, 121 A. 2d 97. On our review, since additional testimony was

taken before the court, the test is not whether the Board, but whether the court, abused its discretion: Archbishop O'Hara's Appeal, 389 Pa. 35, 51, 131 A. 2d 587; in re Volpe Appeal, p-379."

In the case of *Rogalski v. Upper Chichester Twp.*, 406 Pa. 550, 178 A. 2d 712 (1962), where the lower court on appeal from an adjudication of a zoning board held a short hearing in addition to the stenographic record made by the Board, the Supreme Court ruled that since the lower court had taken some additional evidence, it had acted properly in deciding the case on the merits.

In this case, the record clearly shows that there was an agreement between both counsel of Pantry Quik and the Board that there would be established in the lower court "a de novo record". The lower court took pains to establish a complete record and, based upon that record, the court in its decision found that all of the requirements of the zoning ordinance of the city had been met by Pantry Quik.

The court below then went further and pointed out in its decision that the zoning ordinance granted the Board some discretion on the question of safety and convenience in connection with access to parking areas. Then, based upon the case of *Vagnoni v. Bridgeport Borough Council*, 420 Pa. 411, 218 A. 2d 235 (1966), and *Doyle v. Springfield Township*, 394 Pa. 49, 145 A. 2d 695 (1958), the court independently exercised its discretion by making a finding that the testimony presented in opposition to this zoning permit was not sufficient "to compel us to conclude that safe and convenient access cannot be had to the parking area of the proposed food market."

It was incumbent upon the appellant in the case before this Court to show that the lower court had abused its discretion, and this the appellant has failed

to do. We hold that the lower court did not abuse its discretion, nor did it commit an error of law, and therefore its order is affirmed.

CONCURRING OPINION BY JUDGE CRUMLISH, JR.:

Section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.　, Art. X, §1009 (53 P.S. §11009) mandates that the decision of the court below be based upon the findings of fact made by the zoning hearing board as supplemented or replaced by findings of fact made by the judge. The purpose in delineating the findings of fact is to facilitate appellate review. The opinion of the lower court fails to meet its responsibility in this respect. A comprehensive time consuming study of that opinion does, however, provide us with sufficient evidence to satisfy us that there was no manifest abuse of discretion or error of law. While the opinion of the court below does not meet the mandate of section 1009, the appellant has not been sufficiently prejudiced so as to justify the further expenditure of time and effort of remand.

For these reasons and those set forth in the majority opinion, I concur.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. I would remand this case to the judge below to make the findings of fact and conclusions of law required by the provisions of Section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.　, art. X, §1009 (53 P.S. §11009). This section specifically mandates that the decision of the judge be based upon the findings of fact made by the zoning hearing board as supplemented and replaced by findings of fact made by the judge. In the instant case the judge made no findings of fact, and

therefore his decision would by necessity be based on the findings of fact made by the board, and his final decision simply could not be supported by such findings, which are inconsistent with his decision.