BJM Urban Development Corporation *v.*
Fayette County Zoning Hearing Board.

Argued February 18, 1971, before President Judge
BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER, and ROGERS.

*Fred C. Adams,* with him *Conrad B. Capuzzi,* for
appellant.

*George L. Hallal,* with him *Joseph E. Ferens,* for ap-
pellee.

OPINION BY JUDGE WILKINSON, March 29, 1971:

BJM Urban Development Corporation filed a petition on January 27, 1970, with the Fayette County Zoning Hearing Board to grant a variance from the minimum lot size requirement for a lot designated as Lot No. 2 (block 31), of Fayette County zoning district map K7-NE3, which tract is zoned as "R-1" residential. If the variance were granted, BJM planned to construct an eight-unit townhouse structure.

On February 19, 1970, a hearing was held. The record does not show whether testimony was offered and certainly there is no transcript. The record contains a letter from one of the appellants to the Board objecting to the petition, and also contains a petition asserting the objections of many signators.

On March 9, 1970, by resolution *without any findings of fact,* the Board granted the variance with conditions. On March 25, 1970, an appeal was filed to the Common Pleas Court of Fayette County. A de novo hearing was held by the Common Pleas Court on June 5, 1970, at which 73 pages of typewritten testimony were offered. Thereafter, on September 2, 1970, the court filed its opinion which, after a short recitation of the history of the case, stated:

"A careful review of this testimony convinces us that the Board's action in granting this variance was proper and amply justified. Accordingly, we enter the following

CONCLUSIONS OF LAW

1. The action of the Fayette County Zoning Hearing Board in granting the aforementioned variance was valid and proper.

2. The decision of the Fayette County Zoning Hearing Board in granting the aforementioned variance should be affirmed.

### ORDER

And now, September 2, 1970, after hearing and consideration, the decision of the Fayette County Zoning Hearing Board in the above-styled case is affirmed, and the appeal therefrom is hereby dismissed. Costs to be paid by appellants.

By the Court,
Munson,
J."

The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.    , Art. IX, §912, 53 P.S. 10912, provides that prior to granting a variance, the Board must make appropriate findings. This was not done. The lack of findings by the Board might have been cured by the court below after the de novo hearing. However, the court did not comply with the mandates of the Code wherein it is provided: ". . . Final decision of each zoning appeal shall be made by the court, or a judge thereof, considering the record and the findings of fact made by the board as supplemented and replaced by findings of fact made by judge or referee. . . ." Act of July 31, 1968, P. L.    , Art. X, §1009, 53 P.S. 11009.

From the above, it is quite clear that this Court is not in a position to pass on the merits of this appeal, since at no time in the proceedings have any findings of fact been made.

The requirements of findings of fact by either the Board or by the court below is not only a requirement of the statutory law of Pennsylvania, but is a fundamental requirement of broad general application. See 2 Rathkopf, The Law of Zoning and Planning 64-14 (1969) ; 3 American Law of Zoning 16.41 (1968).

Accordingly, the record is remanded to the court below to make appropriate findings of fact and such conclusions of law as are warranted by the same.