## Rees *v.* Zoning Hearing Board of Indiana Township.

**552**

Argued April 14, 1971, before President Judge Bow-MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Ruth F. Cooper,* for appellant.

*Clifford A. Weisel,* with him *Albert C. Odermatt, Jr.,* and *Weisel, Xides & Conn,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 8, 1971:

This appeal from the decision of the Court of Common Pleas of Allegheny County is advanced by Jack Rees, Intervenor in the initial proceedings before the Zoning Hearing Board of Indiana Township. He contends the Board failed to render "findings of fact and conclusions based thereon" as required by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.    No. 247, Art. 1, Sec. 908, 53 P.S. §10908. His position is sound.

In December 1968, the Indiana Township Board of Adjustment (now Zoning Hearing Board) *denied* the application of George Roncevich, Jr., who sought to erect an equipment storage building. The Board's decision consisted of a summary of the testimony at the hearing; seven findings of fact relating to the identities of the parties, the land and the procedural steps leading to the hearing; and from there formulated the conclusion that the conditions requisite for a variance had fallen short.

On appeal to the Court of Common Pleas of Allegheny County, the record was remanded to the Board "for further hearing . . . with a directive to the said Board to reconsider the testimony as supplemented and to return the entire record, including any additional findings of fact and conclusions of law and decision as said Board may render. . . ." In compliance, the Board heard the matter *de novo,* transcribed all testimony, but without making any additional findings of fact and without making any legal conclusions, *granted* the variance.

Again it went up to the Allegheny Common Pleas Court which reviewed the transcript of testimony, heard no additional evidence, and made its findings of fact and conclusions of law purporting to sustain the Board. In addition to appellant's contention previously referred to, he raises three substantive issues. How-

ever, the nature of the procedural infirmity obviates the necessity to consider the substantive issues.

Where, as in this case, the court below took no additional testimony, our review is limited to one narrow issue. Did the *Board* commit a manifest abuse of discretion or an error of law? *Village 2 of New Hope, Inc. Appeals,* 429 Pa. 626, 241 A. 2d 81 (1968); *Di Santo v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A. 2d 135 (1963); *Burgoon v. Zoning Hearing Bd.,* 2 Pa. Commonwealth Ct. (May 26, 1971).

Section 908(9) of the Pennsylvania Municipalities Planning Code 53 P.S. §10908(9), reads in part: "The Board . . . shall render a written decision. . . . Each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor." Although the Board may have rendered sufficient findings and reasons to support its initial decision denying the variance to Roncevich, it is clear that *no legal conclusions, factual findings or reasons were advanced to support the Board's ruling which is the subject of this appeal.*

Appellee's argument that the Board incorporated in its second decision the conclusions, findings and reasons supporting its first decision is wholly without merit for two reasons. First, the reasons supporting the *denial* of the variance cannot be turned around subsequently to support the *grant* of the variance. Second, the initial findings of fact provide no basis by which the Board could conclude that the applicant would suffer the required *hardship.*

The Board neither made new findings and conclusions nor incorporated in its new decision its previous findings. The structural soundness of the decision was not built upon weak foundation, indeed it was without any foundation to withstand appellate assault.

Appellee urges us to consider the findings made by the court below to be those of the Board. We cannot

accede. The Board, which heard the testimony, is charged with evaluating the credibility of the witnesses and merit of the evidence presented. Neither this Court nor the court below can go beyond a review of the potential errors of law and/or abuse of discretion. *Village 2 at New Hope, Inc. Appeals, supra.* No court on appeal can second-guess the Board.

Appellee in the alternative urges us to put to rest this litigation, not be bound by "the letter of the procedural law. . . ." *Philadelphia Presbytery Homes, Inc. v. Abington Board of Commissioners,* 440 Pa. 299, 304, 269 A. 2d 871 (1970). We heard that argument before in *Pantry Quik, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 326 (March 3, 1971). There the *opinion* of the court below, which took additional testimony, contained sufficient evidence to support findings of fact. The Court's failure to state findings, while not in strict compliance with the law, did not prejudice or jeopardize the appeal. In the instant case, however, there are *no reasons at all* given by the Board. This being so, the rights of both parties are prejudiced in that the courts are unable to determine the rights of the parties in examining the merits of appeal. See *Appeal of Mine,* 30 Beaver 153 (1970) ; See also, *Humble Oil and Refining Company v. East Lansdowne Borough,* 424 Pa. 309, 227 A. 2d 664 (1967).

## ORDER

AND Now, this 8th day of July, 1971, the order of the Court of Common Pleas of Allegheny County dated December 17, 1970, is reversed, and that court is hereby ordered to remand the record herein to the Board of Adjustment of Indiana Township with the directive to formulate "findings of fact and conclusions based thereon together with the reasons therefor" in support of its decision of April 3, 1970.