## Mill-Bridge Realty, Inc. *v.* Zoning Board of Adjustment and Amish-Dutch Inns, Inc., Additional Party.

158

Argued December 6, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Peter J. Mangan,* with him *Markowitz, Kagen & Griffith,* for appellant.

*Wayde P. Seidensticker,* for appellee.

*Edward C. Roberts,* with him *Kain, Brown & Roberts,* for additional party.

OPINION BY PRESIDENT JUDGE BOWMAN, January 17, 1972:

The appeal involves the propriety of the granting of two special exceptions by the Board of Adjustment of

Manchester Township for the construction of a motel and restaurant complex and the statutory duty of that Board to support its grant with findings of fact and conclusions of law.

Amish-Dutch Inns, Inc., intervening appellee here, submitted plans with its application to the Board which requested a use permitted only by special exception and height variations permitted only by separate special exception. The proposed use as a motel and restaurant, in the I-Industrial District where the subject property is located, is not here challenged but rather it is the proposed exception to the township height limitations which generated this appeal.

The applicant wants to build a multi-story motel facility which will have an above-ground height of 105 feet and a maximum of nine stories in one section. The "Building Height Limit" contained in Section 703(1) of the township zoning ordinance stipulates: "No building shall exceed three stories in height, or 35 feet, *unless authorized as a special exception.*" [Emphasis ours] After complying with the procedural requirements of notice and hearing, the Board rendered a decision granting the requested special exceptions as to use and height, attaching three conditions to the grant relating to the engineering feasibility of the structure, provisions for ground water drainage of the land, and the requirement that the facility be attached to existing public water and sewer lines.

From that decision, Mill-Bridge Realty, Inc., the owner of an adjacent Howard Johnson's motel facility and a protestant before the Board, filed an appeal in the Court of Common Pleas of York County which sustained the decision of the local Board granting the special exceptions. The appeal to this Court followed.

The issues before this Court are two. First, the appellant argues that the Zoning Board of Adjustment

failed to make findings of fact and conclusions of law as required by Section 908(9) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. (Act No. 247), Article IX, §908, 53 P.S. §10908 (9) : "Each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor." Second, the appellant argues that even if the Board's decision conforms with the mandate of Section 908(9), nonetheless the Board abused its discretion in permitting such an extraordinary exception to the township-wide building height limitation.

The appellee-township and the appellee-intervenor, Amish-Dutch Inns, Inc., counter appellant's procedural and substantive arguments by asserting that (1) appellant neglected to specify the Board's failure to make findings of fact and conclusions of law in its Notice of Appeal as required by Section 1005(a) of the Pennsylvania Municipalities Planning Code, supra,[1] and is thereby precluded from raising the issue thereafter before the lower court or before this Court and (2) the Board did not abuse its discretion in allowing the height exception based on all the evidence adduced at the hearing before the Board and on the recommendations of the township planning commission made part of the record before both the Board and the lower court.

Our scope of review in zoning appeals is, of course, limited as we have repeatedly announced in our recent decisions.

"Where, as in this case, the court below took no additional testimony, our review is limited to one nar-

---

[1] "Zoning appeals shall be entered as of course by the prothonotary or clerk upon the filing of a zoning appeal notice which concisely sets forth the grounds on which the appellant relies, verified to the extent that it contains averments of fact. The zoning appeal notice shall be accompanied by a true copy thereof." 53 P.S. §11005(a).

row issue. Did the Board commit a manifest abuse of discretion or an error of law? Village 2 of New Hope, Inc. Appeals, 429 Pa. 626, 241 A. 2d 81 (1968); Di Santo v. Zoning Board of Adjustment, 410 Pa. 331, 189 A. 2d 135 (1963); Burgoon v. Zoning Hearing Bd., 2 Pa. Commonwealth Ct. (May 26, 1971)." *Rees v. Zoning Board of Indiana Township*, 2 Pa. Commonwealth Ct. 551, 554, 279 A. 2d 354, 355 (1971).

We must look to the decision of the Board of Adjustment and to the record before it to determine whether there is substantial evidence in that record to support its granting of the special exceptions to Amish-Dutch Inns, Inc. We must exercise restraint in not substituting our judicial discretion for the administrative discretion entrusted to the local agency empowered to review such applications for building permits.

Unfortunately based on the present state of the record, we cannot properly exercise even our limited function of review, for while we have an ample record before us containing the complete testimony presented to the Board as well as all the exhibits relating to the proposed structure, we are unable to determine on what basis the Board made its decision. Were we to make an independent review of the record and to make a decision as to the propriety of the granting of these special exceptions, we would be assuming the role assigned to the Board.

We find ourselves in a similar situation to that faced by the Court in *BJM Urban Development Corporation v. Fayette County Zoning Hearing Board*, 1 Pa. Commonwealth Ct. 534, 275 A. 2d 714 (1971), where we felt constrained to remand the record to the lower court for the purpose of making findings of fact and conclusions of law to support its affirmance of the grant of a variance by the Board where the Board made no record. Here at least we have an ample rec-

ord but our responsibility in judicial review is not to draw independent inferences from it either to support a reversal or to affirm the granting of the special exceptions.

We cannot follow the course we took in *Pantry Quik, Inc. v. Zoning Board of Adjustment of the City of Hazleton,* 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971), because in that case, although the Board made no findings and conclusions, the lower court took additional testimony and made its own findings and conclusions. Judge KRAMER, writing for the majority, said: "In this case, the record clearly shows that there was an agreement between both counsel of Pantry Quik and the Board that there would be established in the lower court 'a de novo record'. The lower court took pains to establish a complete record and, based upon that record, the court in its decision found that all of the requirements of the zoning ordinance of the city had been met by Pantry Quik." 1 Pa. Commonwealth Ct. at 330, 274 A. 2d at 573.

The lower court took no new testimony here and our review is therefore limited to the actions of the Board. The lower court cannot make separate findings of fact and conclusions of law without having a *de novo* hearing.

"Without an independent taking of evidence the trial court could not properly make its own findings of fact, but could only review the decision of the board to determine if an abuse of discretion or an error of law had been committed." *Concord Township Appeal,* 439 Pa. 466, 469, 268 A. 2d 765, 766 (1970).

Although appellant did not specifically point to the Board's failure to comply with Section 908(9) of the Pennsylvania Municipalities Planning Code, *supra,* in his Notice of Appeal, we cannot ignore this failure as compliance by the Board is essential to our reviewing responsibility.

Failure to specify a fundamental error in the Notice of Appeal does not come within our holding in *Clemens, et al. v. Upper Gwynedd Township Hearing Board,* 3 Pa. Commonwealth Ct. 71, 281 A. 2d 93 (1971), where we said that the omission of the defense of "spot zoning" from the Notice of Appeal precluded the introduction of such a defense at a later time. Here we are faced with an incomplete record and cannot determine whether the Board had substantial reasons in fact and in law to support its decision. We cannot assess the substantive merits of this appeal absent such findings. We agree with Judge CRUMLISH when he stated in his concurring opinion in *Pantry Quik*: "The purpose in delineating the findings of fact is to facilitate appellate review." 1 Pa. Commonwealth Ct. 331, 274 A. 2d at 573.

Order reversed and remanded to the lower court for its remand to the Board of Adjustment of Manchester Township with a directive that the Board formulate findings of fact and conclusions of law together with the reasons therefor in support of its granting special exceptions to Amish-Dutch Inns, Inc.