## Zoning Hearing Board v. Konyk.

Argued February 7, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

George Koudelis, with him Joseph P. Mylotte and
McEwen & McEwen, for appellant.

Max W. Gibbs, with him Sand, Gibbs & Smilk, for
appellee.

OPINION BY JUDGE CRUMLISH, JR., May 5, 1972:

A special exception was sought for a gasoline ser-
vice station in a "Business" zoning district of Upper
Darby Township (Delaware County). After taking
testimony, the Township Zoning Hearing Board denied
the application. The Court of Common Pleas of Dela-
ware County, without hearing additional evidence, re-
versed the Board. Hence this appeal. We affirm the
court's decision.

Our scope of review in zoning appeals, as we have
so often said, is limited.

"Where, as in this case, the court below took no
additional testimony, our review is restricted to one
narrow issue. Has the Board in the Findings of Fact
and Conclusions of Law committed a manifest abuse
of discretion or an error of law? Village 2 of New

Hope, Inc. Appeals, 429 Pa. 626, 241 A. 2d 81 (1968);
Di Santo v. Zoning Board of Adjustment, 410 Pa. 331,
189 A. 2d 135 (1963); Burgoon v. Zoning Hearing Bd.,
2 Pa. Commonwealth Ct. 238 (May 26, 1971)." *Rees
v. Zoning Board of Indiana Township,* 2 Pa. Common-
wealth Ct. 551, 554, 279 A. 2d 354, 355 (1971). *See,
Mill-Bridge Realty, Inc. v. Zoning Board of Adjust-
ment,* 4 Pa. Commonwealth Ct. 157, 160-61, 286 A. 2d
483 (1972).

The Board heard from two witnesses for the appli-
cant and from four protesting neighbors. In addition,
it received a petition signed by two hundred and fifteen
residents of the neighborhood recording its opposition
to the use of the property as a gasoline station. There-
after the Board denied the application for the special
exception and in its order submitted the following rea-
sons for its Findings and Conclusion: "(1) The rea-
sons given by the applicant are not substantial, serious
and compelling. (2) The granting of said Special Ex-
ception would not be in keeping with the character of
the neighborhood. (3) The public health, safety and
general welfare of the neighborhood would be adverse-
ly affected by the granting of this request in that, (A)
A traffic hazard would be created resulting in a danger-
ous condition when automobiles entered or exited from
the proposed use because of the heavy automobile traf-
fic on State Road. (B) There would be danger to the
safety of children because of the large number of them
passing the subject property going to and from school."
The Board did not, however, make findings of fact and
conclusions of law in support of its order as required
by the Pennsylvania Municipalities Planning Code,
Act of July 31, 1968, P. L.     , Act No. 247, Article IX,
§908(9), 53 P.S. §10908(9).

Section 908(9) requires that Zoning Hearing
Boards' decisions should set forth "findings of fact and

conclusions based thereon together with the reasons therefor." Section 1009 of the Planning Code, 53 P.S. §11009, places a like duty in the Courts of Common Pleas in cases where additional evidence is presented. In five cases heard by us, this Court has remanded them to either the Zoning Hearing Board or the lower court because it neglected this mandate: *B.J.M. Urban Development Corporation v. Fayette County Zoning Hearing Board,* 1 Pa. Commonwealth Ct. 534, 275 A. 2d 714 (1971); *Rees v. Zoning Board of Indiana Township,* 2 Pa. Commonwealth Ct. 551, 279 A. 2d 354 (1971); *Mill-Bridge Realty, Inc. v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 157, 286 A. 2d 483 (1972); *Beebe, et al. v. Media Zoning Hearing Board and Hibbard, et al., Add'l Parties,* 5 Pa. Commonwealth Ct. 29, 288 A. 2d 557 (March 14, 1972); *Lando v. Zoning Board of Adjustment,* 4 Pa. Commonwealth Ct. 312, 286 A. 2d 924 (1972).

In *Rees,* we said, "The Board, which heard the testimony, is charged with evaluating the credibility of the witnesses and merit of the evidence presented. Neither this Court nor the court below can go beyond a review of the potential errors of law and/or abuse of discretion [citation]. No court on appeal can second guess the Board." 2 Pa. Commonwealth Ct. at 555. We went further to state in *Mill-Bridge* that ". . . our responsibility in judicial review is not to draw independent inferences from [the record] either to support a reversal or to affirm the granting of the special exception." 4 Pa. Commonwealth Ct. at 162. When the evidence is capable of supporting either result, this Court may not usurp the Board's or Court's unfulfilled duty to pass upon the factual validity of the evidence presented.

We do not imply, however, that the absence of formal findings of fact automatically precludes disposition on the merits of the appeal. As stated by Judge

MENCER in *Lando,* 4 Pa. Commonwealth Ct. at 317: "*. . . whether this sanction is or is not appropriate rests in the discretion of the court, the major considerations being the extent of the error and the effect on the parties of the delay attendant on a remand. See generally* R. Ryan, Pennsylvania Zoning Law and Practice, §§9.4.23-24 (1970). In no event, however, is . . . [a decision to remand] . . . to be construed in any sense as granting a license to Zoning Hearing Boards to gain delay simply by failing to make appropriate findings of fact. . . ." (Emphasis in original.) In *Pantry-Quik Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971), where the court below had received additional testimony but had failed to accompany its opinion with findings of fact, we held that the opinion was sufficiently explanatory of the factual questions involved that to remand for compliance with Section 1009 would serve no useful purpose. In the concurring opinion, it was asserted that under such circumstances ". . . the appellant has not been sufficiently prejudiced so as to justify the further expenditure of time and effort of remand." 1 Pa. Commonwealth Ct. at 331. But the appeal now before us is not analogous to *Pantry Quik.* While the Board's decision does set forth the *conclusions,* it does not explain the *factual bases* which it would hold supports its position. Because of the unusual circumstances herein related, we hold that this case, like *Pantry Quik,* does not "justify the further expenditure of time and effort of remand."

The Legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon

the public interest is greater than that which might be expected in normal circumstances. *Lower Providence Township and Wood v. Ford,* 3 Pa. Commonwealth Ct. 382, 283 A. 2d 731 (1971). *See also, Archbishop O'-Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957); *Valley Forge Industries, Inc. Appeal,* 406 Pa. 387, 177 A. 2d 450 (1962); *Sibarco v. Zoning Board of Adjustment,* 15 Ches. Co. Rep. 204 (1967); *Ryan, Pennsylvania Zoning,* §5.2.6 (1970). The burden is on the township and the protesting neighbors, if there are any, to *prove by evidence* that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare. *Delaware County Community College Appeal,* 435 Pa. 264, 254 A. 2d 641 (1969); *Archbishop O'Hara's Appeal, supra; Appeal of Stefonick,* 1 Pa. Commonwealth Ct. 13, 271 A. 2d 707 (1970).

A careful review of the record before the Board convinces us that the protestants failed to present *any* evidence which, if accepted as true by the Board, would meet this burden.

Four witnesses, all residents of the neighborhood, appeared in opposition. The first witness advanced the following reasons for his opposition: (1) "[M]any children play along Highland Avenue[1] . . . a private thoroughfare . . . [which] . . . does not get much traffic." (2) The use will cause more traffic on Highland Avenue and also on State Road, the main street upon which the business would front. (3) The intersection where the proposed station will be is used by children going to and from school. (4) The use will cause noise in a residential area. (5) The neighbors believe that the operator will eventually use his proposed buffer

---

[1] The request was for a service station at the corner of Highland Avenue, a residential street, and State Road, a main arterial route to Philadelphia, with entrances to the station to be confined to State Road only.

zone for business purposes. The witness did not present evidence *probative* of the issues he raised. It is important to note that the first four of his apprehensions (while they may be *very real* and *potential* threats to the health, safety and welfare of the citizens of the area) are, in the absence of substantial evidence to the contrary, no more than the normal consequences usually found in the border-transition areas between business and residential zones. The Township did not restrict service stations from business areas bordering on residential zones. In failing to do so, in the exercise of its legislative function, it effectively determined that the consequences are presumptively insufficient to deny a special exception. *Lower Providence and Wood, supra.* Looking to the case of this witness' testimony,[2] it appears that his concern turns on the age old proposition: "[We] would rather have a different type of business there that won't be objectionable."

The witnesses who followed merely echoed concern proffered by their spoksman. One requested the Board to conduct a traffic survey to determine the hazard which would be created. Another asked whether the storage of flammables would be involved and with what results. Finally, the last simply stated that although the area was zoned business, it was still residential in character. While these questions may be of valid interest and concern to the neighborhood, they assume the posture of suggestions to meet a potential danger rather than positive evidence of a present injurious effect. This being so, they are appropriate when submitted to the legislative body while it considers regulatory ordinances. The Board's function was to hear and judge on the basis of *proof,* the specific, *abnormal* adverse effects of this requested use. The protestants did

---

[2] This witness concluded by offering an unsupported and irrelevant allegation that the application will eliminate a buffer zone.

not produce valid competent evidence to meet the burden the law demands.

We hold that the Board erred when it denied the special exception. As aptly said by the court below, ". . . applicant, once having shown that his proposed use is within the provisions of the zoning ordinance, is entitled to the grant of a special exception unless there is 'legally sufficient competent evidence to support a finding that the granting of such exception would be adverse to the public interest.' Good Fellowship Ambulance Club's Appeal, 406 Pa. 465, 475." An applicant is not required to present "substantial, serious and compelling" reasons in order to obtain a permit. *Archbishop O'Hara's Appeal, supra.*

Affirmed.