West Whiteland Township, Appellant, *v.* Exton
Materials, Inc., Appellee.

Argued October 2, 1973, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER and BLATT. Judge ROGERS did not
participate.

*William H. Lamb,* with him *Lamb, Windle & McEr-
lane,* for appellant.

*Thomas A. Riley, Jr.*, with him *John C. Snyder*, and *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.*, for appellee.

OPINION BY JUDGE KRAMER, January 18, 1974:

This is an appeal filed by West Whiteland Township (Township) from an order of the Court of Common Pleas of Chester County (filed in the Office of the Prothonotary of that county on December 18, 1972) in which the "decision" of the West Whiteland Township Zoning Hearing Board (Board) was reversed. In effect, the lower court's order reversed the Board's decision not to issue to Exton Materials, Inc. (Exton) a building permit for the erection and operation of a bituminous concrete plant.

The pertinent facts are that Exton, as the equitable owner under an agreement of sale, filed an application for a building permit for the erection and operation of a bituminous concrete plant on its plot of ground consisting of approximately 20.8 acres. The ground is unused and contains an abandoned stone quarry which has been abandoned for more than 50 years. The land in question is located in what is known as an "I-1 Industrial District" under the Township's Zoning Ordinance. Pertinent provisions of the Ordinance are found in Section 41.01, which read as follows:

"Uses. In any I-1 district, land buildings or premises shall be used for only one or more of the following uses *or any other use of the same general character* which does not constitute a nuisance or is not offensive by reason of the emission of objectionable odor, noise, heat, smoke, dust, fumes, gas, vibration or waterborne waste, when permitted by the Board of Adjustment as a special exception: . . .

"2. Assembly from components including the assembly of radios, television and similar electronic products.

"3. Finishing processes requiring heat." (Emphasis added.)

The following sections of the Ordinance contain the usual provisions establishing standards and conditions upon which special exceptions may be granted. Exton made application for a building permit and the Township's zoning officer denied same, whereupon Exton filed an appeal with the Board wherein it alleged that the intended use came within the provisions of the quoted provisions of Section 41.01 of the Zoning Ordinance. In the alternative, Exton requested a variance and alleged that if its intended use was not permitted under the Ordinance, such denial would be unconstitutional.

The Board held extensive hearings on the matter and concluded that the intended use did not come within the provisions of the Zoning Ordinance for a special exception. Having determined that the intended use would be adverse to the public health, safety and welfare of the community, the Board "denied" Exton's "request" for the building permit. Exton then appealed to the lower court, which entered its opinion without receiving additional testimony or evidence. The lower court also concluded that Exton did not come within the provisions for a special exception under the quoted provisions of Section 41.01. The lower court then held that since the Zoning Ordinance did not make any provisions for a bituminous concrete plant, such usage was thereby prohibited in violation of the Supreme Court's decision in *Girsh Appeal*, 437 Pa. 237, 262 A. 2d 395 (1970). In reaching this conclusion, the lower court referred to *Beaver Gasoline Co. v. Osborne Borough*, 445 Pa. 571, 285 A. 2d 501 (1971), wherein the Supreme Court remanded the case to the lower court and ultimately to the Zoning Board of Adjustment in order that the municipality be permitted to present evidence justifying

the municipality-wide prohibition of the usage in that case.

The Board in this case held an additional hearing at which the municipality was given an opportunity to present additional evidence supporting its exclusion of Exton's proposed use of its property. This additional record was transmitted to the lower court, and thereafter in its "Supplemental Opinion," the court concluded that the Township had not justified its prohibition of the intended use and held that the decision of the Board was reversed. The Township then filed this appeal.

Interestingly the Township, in its appeal to this Court, contrary to the holding of its Board, takes the position that Exton's intended use falls within the special exception provisions of its Zoning Ordinance. This position is contrary to the testimony of its Township Supervisor who testified that the intended use did not fall within the special exceptions of Section 41.01 of the Zoning Ordinance. At this point, it should be noted that this is also Exton's position in the appeal before this Court. The Township contends that a bituminous concrete plant use was never banned nor intended to be banned on a township-wide basis in its Zoning Ordinance. The Township argues, however, that the permit should not be granted because Exton has failed to prove that it meets the standards required for a special exception under the Zoning Ordinance.

In a case where the court below took no additional testimony or received additional evidence, the review by this Court is limited to the narrow issue of whether the *board* committed a manifest abuse of discretion or an error of law. *See Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A. 2d 81 (1968) ; *Di Santo v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A. 2d 135 (1963) ; *Zoning Hearing Board v. Konyk,* 5 Pa. Commonwealth Ct. 466, 290 A. 2d 715 (1972).

The real issue before this Court is whether the bituminous concrete plant use comes within the provisions of the Zoning Ordinance applicable to an I-1 Industrial District; and then, if it does, whether the record supports the findings of fact and conclusions (although seemingly unnecessary) of the Board that Exton has not met the requirements for the issuance of a special exception. All parties are in agreement that a bituminous cement plant use is not specifically provided for in Section 41.01. The Board and the lower court concluded that such use did not fall within the provisions providing for a "use of the same general character." This Court in the case of *Lower Providence Township v. Ford,* 3 Pa. Commonwealth Ct. 380, 283 A. 2d 731 (1971), was confronted with a similar issue. We there held that restrictive language in a zoning ordinance was to be strictly construed, and where a township zoning ordinance uses "overbroad terms to define uses permitted by special exception," it was a manifest abuse of discretion for a zoning board of adjustment to narrow the terms so as to further restrict the use of property. Following the reasoning of this Court in *Lower Providence, supra,* and faced with the fact that both parties on appeal to this Court contend that Exton's intended use comes within the provisions of Section 41.01, we conclude that the Board in this case abused its discretion in deciding that the intended use did not come within the provisions of Section 41.01. Having determined that the intended use comes within the legislative intent of Section 41.01, we must now look to the findings of fact made by the Board to determine if they are supported by substantial evidence and permit the conclusion that Exton has not met the requirements needed to support a special exception.

The Township contends that Exton has failed to meet the requirements in several areas. First, it contends that Exton failed to meet the building height re-

quirements of not more than 35 feet; second, that it failed to meet the requirements on noise and smoke; and lastly, that Exton failed to meet the requirements on traffic safety. On these contentions, we agree with the court below that once an applicant for a special exception shows that the proposed use is permitted under the ordinance and presents testimony and evidence which shows that the application meets the requirements for a special exception, the burden of establishing that such use would violate the health, safety and welfare of the community falls upon those who oppose the issuance of a special exception. *See Mignatti Construction Co., Inc.'s Zoning Application,* 3 Pa. Commonwealth Ct. 242, 281 A. 2d 355 (1971). In *Zoning Hearing Board v. Konyk, supra,* we stated: "The Legislature in providing for special exceptions in zoning ordinances has determined that the impact of such a use of property does not, of itself, adversely affect the property interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances. . . . The burden is on the township and the protesting neighbors, if there are any, *to prove by evidence* that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare." (Citations omitted.) (Emphasis in original.) 5 Pa. Commonwealth Ct. at 470-471, 290 A. 2d at 718. With regard to the height requirement, the Board found: "20. The proposed Barber-Greene plant is 65 feet in height at its highest point. The McCarter plant is 49 feet in height at its highest point." The Zoning Ordinance, Section 41.10, provides a regulation for height. It reads: "(g) Maximum Building Height— 35 feet." At Section 12.10(10), a "building" is defined with a proviso which states: ". . . structures with interior surfaces not normally accessible to human use,

such as gas tanks, grain elevators, coal bunkers or similar structure . . ." shall not be included within the term "building." Our reading of the record in this case leads us to conclude that the proposed bituminous concrete plant is not a building, but rather is a structure[1] which does not have a maximum building height restriction. *See also M. & M. Stone Co. v. Zoning Board of Adjustment of Lower Salford Township,* 16 Pa. D. & C. 2d 584 (1958).

On the subject of noise, the Board found:

"21. The noise of the forced air system is comparable to a rushing train type of noise. The air is necessary for combustion.

"22. Other noise is emanated from the dropping of the materials and mix through the various stages of the operation."

Neither finding supports the Township contention that the Board found sufficient evidence of noise to conclude that the Township or protesting neighbors met the burden of proving that the possible noise coming from Exton's intended use would be injurious to the public health, welfare or safety.

On the subject of traffic, the Board only cursorily mentioned a traffic problem in its discussion; it made no finding of fact on the subject. Our very careful reading of the entire record permits us to conclude that the Township and protesting neighbors have failed to prove any detriment to the public health, welfare and safety of the community which may result from traffic.

On the subject of air pollution, the only findings which the Board made which may be applicable to this issue are that (1) there was no alarm system with respect to the emission of particulates, and (2) the plant

---

[1] Section 12.10(58) : "Structure. A 'structure' is anything constructed or erected with a fixed location on the ground, or attached to something having a fixed location on the ground."

has no automatic equipment which shuts it down in the event of a breakdown in the dust collection mechanism. These findings are certainly not sufficient so as to justify the Board's refusal of the special exception. Furthermore, there is nothing in this record which would permit the Board or this Court to find that the Township or the protesting neighbors met their burden. As we stated in *Lower Providence, supra*: "The decision of the Board does not specify which provisions of the ordinance the Board found prohibited the requested use. As this Court has stated on numerous occasions, it does not intend to engage in guessing games with the quasi-judicial bodies of the Commonwealth." 3 Pa. Commonwealth Ct. at 385, 283 A. 2d at 734.

Since we have held that Exton's intended use comes within the provisions of the special exceptions under Section 41.01, it is not necessary for us to pass upon the constitutionality of the Ordinance which was raised by Exton and passed upon by the lower court. We believe it is important to note, however, that the Township was given an additional opportunity under the initial opinion of the lower court, to prove that Exton's intended use would be injurious to the public health, welfare and safety of the community. We have no reservation that the lower court was correct in its supplemental opinion when it observed that the Township had failed to present any additional evidence which would support such a contention.

In summary then, it is our holding that both the Board and the court below were in error in their determination that Exton's intended use did not come within the special exception provisions of Section 41.01. In reviewing the entire record and the findings and conclusions of the Board, we have concluded that Exton has met the requirements of the Zoning Ordinance and that the Township and the protesting neighbors have not met their burden of proving that the intended use

would violate the public health, welfare and safety of the community. We therefore

ORDER

AND Now, this 18th day of January, 1974, based upon the above Opinion, the Order of the Court of Common Pleas of Chester County filed December 18, 1972, in the above-captioned matter is affirmed insofar as it reverses the decision of the West Whiteland Township Zoning Hearing Board dated November 10, 1971; however, it is hereby ordered that the matter be remanded to the court below for the purpose of issuing a final order directing the Board to issue a building permit as applied for by Exton Materials, Inc., subject to all of the zoning regulations applicable to a building permit issued under the special exceptions provisions of the Zoning Ordinance of West Whiteland Township, all of which will be in conformity with the Opinion filed herewith.