## ICT Excavating Co. v. Zoning Hearing Board

*John B. Beemer*, for appellant.
*David J. Reedy, Jr.*, contra.

CONABOY, *J.*, November 1, 1974—This is an appeal by ICT Excavating Company from a decision of the Zoning Hearing Board of the City of Scranton dated May 14, 1974.

Appellant, ICT Excavating Company, filed an application for a zoning permit premised upon a special use to erect a mobile home park in accordance with plans and specifications submitted by appellant.

The tract of land which appellant owns is located in the City of Scranton at Division and Quay Streets.

After a hearing, the final decision of the board to deny the application was communicated to appellant in a form letter which did not disclose reasons for denial. This was followed by a letter giving the reasons used by two board members (the third member being absent) for the denial.

One member simply stated his approval of the application while the other listed six reasons for his vote against the application; they are: (1) opposition of neighbors; (2) opposition of city planning commission; (3) financing problems of the developer; (4) inspection problems; (5) traffic problems when the homes are moved over narrow streets; and (6) a blighting influence on the neighborhood.

It was stipulated by counsel that the third member of the board reviewed a transcript of the hearing and voted against the application without giving any reason at all for his decision.

The relevant section of the Zoning Code of the City of Scranton is §1351.04—Mobile Home Court Design Standards. This section sets out in detail what is minimally required to satisfy the standards. Appellant offered ample evidence to show that he met or exceeded all the required standards. For example: the acreage required by the code is five acres; the proposed park calls for 12.8 acres. Minimum lot requirements are 3,000 square feet; the proposed park will contain 5,000 square feet; recreation areas must be ten percent of the total acreage; while the proposal has in excess of 12 percent, including two tennis courts, a basketball court, and two play areas.

In view of the fact that the proposed mobile home court plan not only met, but exceeded, the requirements of the zoning ordinance, the question to be decided is, was the board's decision an arbitrary and capricious abuse of discretion or was it contrary to law?

In an appeal such as this, where the court takes no additional testimony, the scope of review is limited to a determination as to whether the board in its findings and conclusion committed a manifest abuse of discretion on error of law: Jones v. Zoning Hearing Board, 7 Pa. Commonwealth Ct. 284 (1972); Zoning Hearing Board v. Konyk, 5 Pa. Commonwealth Ct. 466 (1972).

When one applies for a special exception, he need not affirmatively prove that the proposed use would not adversely affect the health, safety and welfare of the community; he need only establish by competent evidence that the proposed use falls within the

ordinance provisions: Jones v. Zoning Hearing Board, supra. See also Brunner v. Upper Makefield Township Zoning Hearing Board, 12 Pa. Commonwealth Ct. 109 (1974); and Lindenwood Corp. v. Township of Upper Darby, 6 Pa. Commonwealth Ct. 558 (1972).

In this matter, appellant has established that the proposed use is allowed by the ordinance. The protestants to the application, therefore, bear the burden to prove by evidence that the proposed use under the special exception to ordinance would adversely affect the health, safety and welfare of the community: Jones v. Zoning Hearing Board, supra; Zoning Hearing Board v. Slavitz, 3 Pa. Commonwealth Ct. 495 (1971); Simmers v. Rorer, 12 Pa. Commonwealth Ct. 37 (1974).

The legislature (council) in providing for the special exceptions in the zoning ordinance has determined that the impact of such a use of property does not, of itself, adversely affect the public interest to any material extent in normal circumstances, so that a special exception should not be denied unless it is proved that the impact upon the public interest is greater than that which might be expected in normal circumstances. The burden is on the city and the protesting neighbors to *prove by evidence* that the impact of the requested use in its normal operation would be injurious to the public health, safety and welfare: Zoning Hearing Board v. Konyk, supra, at page 470, and the cases cited therein.

Since the proposed mobile home park met the aforementioned criteria, it remains to be decided whether the use would adversely affect the health, safety and welfare of the area or community.

The six reasons given by the board for denying the application lack any merit at all. All but one of these reasons are mere apprehensions of what might happen. While these may be *potential* threats to the health, safety and welfare of the citizens of the community, they are, in the absence of substantial evidence to the contrary, no more than the normal consequences usually found in such mobile home developments.

Schools may become a bit crowded, but the Scranton School Superintendent stated in a letter that adequate space can be supplied for increased enrollment. There is no proof of a definite depreciation in value of surrounding properties on the record. There may be some noise, but this would be only a normal consequence of an increase in area population and traffic.

Traffic hazards, noise and adverse effects on a neighborhood, which are normal and expected results of a particular special exception to a zoning ordinance and not unusual or abnormal, are not grounds for denial of such lawful use of property: Zoning Hearing Board v. Konyk, supra, at pages 471-472. See also Archbishop O'Hara's Appeal, 339 Pa. 33 (1957), and cases following this reasoning.

We acknowledge the sincere and very human feelings of the property owners and the board's efforts to perhaps express the present demands of the citizens in the area. However, we find that record is lacking of any valid reason to deprive appellant of the right to use its own property as it is allowed to do under existing laws.

We find that appellant has met the requirements of the ordinance and the protestants failed in their burden to show that the proposed use would be

injurious to public health, safety and welfare of the community.

Under these conditions, the court is required to reverse the decision of the board and direct the permit issue to appellant.

Now, therefore, November 1, 1974, the decision of the zoning board is reversed and said board is directed to issue to appellant the permit requested.