## Pine Grove Township v. Zoning Hearing Board of Warren County

*David Swanson,* for appellant.
*William Mervine,* for appellee.

WOLFE, *P.J.*, July 22, 1985—Pine Grove Township (appellant) has filed a timely appeal from the decision of the Zoning Hearing Board of Warren County (appellee) granting to Ronald and Olga Snyder (intervenors) a special exception under Article VIII of the 1965 Zoning Ordinance of Warren County as amended to utilize their residential premises for an antique and collectibles retail sales operation. Intervenors also applied for a variance to conduct antiques and collectibles business on their premises, which was denied.

We have elected to resolve the appeal on the record without additional evidence, and thus we are limited in our determination of whether the board committed an abuse of discretion or an error of law. Zoning Hearing Board v. Konyk, 5 Pa. Commw. 466, 290 A.2d 715 (1972).

We have been favored with worthy briefs, including a dissertation between a special exception and a variance to be published as a Law Review article.[*]

The pertinent portion of the ordinance under which the board acted is Article VIII, section 1801(4)(c), which permits an accessory use in a residential district in this language:

---

[*]"But Sir, There Are Differences Between A Special Exception A Variance," by Kenneth L. Crosby, Dickenson School of Law.

"(4) ACCESSORY USE, RESIDENTIAL — A use, permitted upon the approval of the Zoning Hearing Board as provided in 1402 of ARTICLE XIV, customarily incidental to the use of a building for dwelling purposes and including:

A. Home workshops, hobbies and avocations which do not constitute a nuisance by reason of smoke, odor, vibration, radioactive disturbance, dust, or noise, provided there are no paid employees or assistants.

B. The office or studio or a physician or surgeon, dentist, artist, musician, lawyer, architect, teacher, or other like professional person, residing on the premises. There shall be more than two paid employees or assistants, and additional parking spaces shall be provided as required for offices.

C. Customary home occupations such as millinery, dressmaking, hairdressing, and retail sales conducted by a person residing on the premises, with no paid employees or assistants.

D. Realtors office located in a model home. There shall be no more than one paid employee of the realtor authorized to use said office and additional parking places shall be provided as required for office.

An accessory use may be conducted in the main building or an accessory building, but in either case shall not occupy a floor area greater than that of one-half the area of the first floor of the main building. There shall be no exterior alterations reflecting such accessory use, and no commercial or advertising display visible from the street except a small non-illuminated professional nameplate or announcement sign not larger than 50 square inches."

Intervenors' premises are located in an R-Residential district which is generally rural and which has activities conducted therein that are non-con-

forming to the ordinance, having been established prior to the ordinance enactment in 1965. Specifically, the premises which intervenors propose to utilize in their business is a detached two-story structure formerly used as a chickenhouse having 1,238 square feet. The board approved the use of 819 square feet. The lot size is 172 feet wide by 375 feet deep, containing 64,500 square feet.

In its statement of findings the board determined that an antiques and collectibles retail sale operation would be appropriate for the lot and location as being harmonious for a residential area, that it would not be unreasonably detrimental to the neighboring properties, that it would not interfere with an orderly and appropriate development of neighboring properties, that it would not impact seriously on existing permanent uses in the neighborhood "in that there are several home occupation businesses being conducted in the neighborhood at the present time," and that the location of the proposed use is orientated on the applicants' property so as not to affect to an unreasonable degree the flow, control and safety of traffic.

On the basis of these findings of fact we conclude that the board committed an error of law in granting the special exception.

The record is uncontradicted that applicants conducted a retail antique collectibles business in the Borough of Warren prior to their purchase of their property in Pine Grove Township, and they intend to continue the same type of business if permitted. Intervenors testified that at times they purchase the entire furniture of a household through estate sales or otherwise transport the furniture to their place of business and after inventory ready the items for sale from the business location to the public. In reaching its conclusion of January 24, 1985, the board stated:

"In light of the above (findings of fact), the Warren County Zoning Hearing Board does hereby approve the application of Ronald and Olga Snyder dated December 17, 1984, for an Accessory Use, Residential for antiques and collectibles *retail sales operation* and its necessary appurtenances to be situate on Parcel No. WN-276-3955 as identified on the tax assessment map of Warren County, Pa." (Emphasis added).

In our opinion the board fell into error equating "retail sales" permitted as an accessory use under Article VIII, section 1801 (4)(C), with customary home operations such as millinery, dressmaking, hairdressing, and retail sales. The reference in the ordinance to "retail sales" must be read in the same context and weighed in the same manner as the preceding language or in pari materia, which means that the phrase "retail sales" may not be interpreted to permit one to operate a commercial business when that language is viewed in light of customary home operations. It is clear the designers of the ordinance contemplated the occupations to originate within the home by the exercise of one's personal talents and avocations and not the acquisitions of merchandise from commercial sources and transport them to the home for resale. This becomes more apparent when subsection (c) is read in light of the entire accessory use permission which includes home workshops, hobbies and avocations as well as office or studios of a physician, surgeon, dentist, artist, musician, lawyer, architect, teacher or other like professional persons. All of these vocations or professions are personal service orientated as distinguished from commercial sale orientated. We believe the impact becomes more severe and accents the intervenors' proposed business in a residential community by its conduct in an accessory

building separate from their dwelling. Effectively, intervenors contemplate a commercial business venture rather than personal home occupation and avocation.

For these reasons we enter the following

## FINAL ORDER

And now, this July 22, 1985, the order of the Zoning Hearing Board of Warren County dated January 24, 1985, is reversed.