## City of Titusville v. Lesko

*Robert J. Felton,* for plaintiff.
*Tamera M. Rothschild,* for defendants.

## MEMORANDUM AND ORDER

P. THOMAS, *S.J.,* June 19, 1991—This matter is before the court on the preliminary objections of the defendants to the equity complaint filed by the city of Titusville to enjoin the defendants from leasing the ground floor of their house for use as an accounting office.

## STATEMENT OF THE FACTS

On June 22, 1990, defendants purchased residential real estate at 402 E. Main Street, Titusville, Crawford County, Pennsylvania, from Nancy and Lawrence Winans. The premises is zoned R-2 Residential.

In August of 1990, defendants filed an application for special exception to the City of Titusville's Zoning Ordinance in order to permit the operation of an accounting office on the defendants' premises. Defendants wished to lease the entire first floor as an office to Nancy Rogers, a CPA. A public hearing was held on August 16, 1990, before the City of Titusville Zoning Hearing Board. The special exception was orally denied by the board on August 16, 1990, with an explanation of the reasons for the denial. The minutes of the hearing were later reduced to writing.

Defendants contacted Robert Felton, solicitor of the city of Titusville to review the matter, and Mr. Felton advised them they could either appeal the board's decision or request the City Council to enact a curative amendment to the zoning ordinance.

Defendants then were able to obtain a typewritten copy of the minutes at the zoning office.

When no written findings of fact and conclusions of law were issued by the zoning hearing board within the 45-day statutory period required by 53 P.S. §10908(9) for such decisions to be rendered (which ran on October 1, 1990), the Leskos requested in a letter of November 6, 1990, to the Titusville zoning officer that the special exception be "deemed approved" as mandated by 10908(9). Following this, on December 17, 1990, the zoning board had published a notice of a resolution by the board that they had failed to comply with the 45-days rule under section 10908(9) of the Pennsylvania Municipalities Planning Code, and therefore the defendants' application must be deemed approved. The city of Titusville did not take a timely appeal of this belated action by the Hearing Board.

On February 4, 1991, the city of Titusville filed a complaint in equity to enjoin defendants from renting an accounting office on their property in which it is alleged that the defendants were in violation of the city zoning ordinance.

It is the city's contention that the deemed approval was a nullity and that the minutes of the hearing on Leskos' application for exception, a copy of which Leskos received, constituted written findings of fact and conclusions. The city contends then that the defendants had 30 days from the date of receipt of the *minutes* to file a timely appeal to the Common Pleas Court, which they failed to do.

Leskos contend that the minutes do not comport to a written opinion with the required findings of fact and conclusions, that the zoning hearing board rightly deemed the special use application as approved because of their failure to file findings and conclusions and the city was then required to file a

timely appeal from the date it received notice of the zoning board deemed approval.

## ISSUES

(1) Were the typewritten minutes of the public hearing before the board on August 16, 1990, equivalent to the statutory requirement of a written opinion with findings of fact and conclusions?

(2) Was the city's only remedy after the deemed approval issued by the zoning hearing board an appeal from that board?

## DISCUSSION

The Pennsylvania Municipalities Planning Code provides that the zoning board shall conduct a public hearing as to land use exceptions, and:

"The board . . . shall render a written decision or, when no decision is called for, make written findings as the application within 45 days after the last hearing before the board. . . . [E]ach decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefore." 53 P.S. section 10908(9).

If the board fails to render its decision within the 45 days, "the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record for an extension of time." *Id.*

If there is a deemed approval of the application, then "the board shall give public notice of said decision within ten days from the last day it could have met to render a decision." *Id.*

The losing party to the zoning board's decision or deemed approval may take an appeal and:

"All appeals from all land use decisions rendered pursuant to Article IX (53 P.S. section 10901 - 10916.2) shall be taken to the Court of Common Pleas of the judicial district wherein the land is located and shall be filed within 30 days after the entry of the decision, or in the case of a deemed decision, *within 30 days* after the date upon such notice of said deemed decision is given. . . ." 53 P.S. section 11002-A.

## ADEQUACY OF THE TYPEWRITTEN MINUTES AS A WRITTEN OPINION CONTAINING FINDINGS OF FACT AND CONCLUSIONS

The minutes provided as follows, show that the zoning hearing board made the following decision in regard to the Leskos' application for special exception to the zoning ordinance:

"(Board Chairman, Wayne Quimby) said it is his own personal opinion that the appeal be denied, because of the fact that this is really commercializing Main Street and Main Street is one of the nicest streets in Titusville and putting so many businesses on it is really downgrading it.

"He then made motion to deny the appeal of Todd Lesko for permission for an accounting office at 402 E. Main Street, seconded by (board member) unanimously. (Board member Joseph) Barnhart said what we are experiencing here is a request for a special exception as opposed to a variance. In the past the board has treated business-type offices practically the same as doctor's medical offices under special exception. . . ." Since doctors may be entitled to have the offices in their homes, it would seem the Leskos would also be entitled to it under the ordinance for special exception; however, in regard to the danger of vehicular access which could maximize traffic congestion, he could see why this is being denied."

The city of Titusville contends that the above is adequate to meet the statutory requirements under 53 P.S. §10908(9). The defendants contend that the transcribed minutes are inadequate because they fail to provide specific findings of fact even though the board member's conclusions are clearly stated in the minutes.

The findings and reasonings in the board's decision must be "made from the evidence" sufficient to show that a judicially exercised discretion, applied to the facts, justified the action taken; a property owner's constitutional right to the use of his property is not satisfied by arbitrary refusal. Nor is it sufficient merely to say the refusal resulted after "due consideration." Enough must be stated to enable the court to see there was due consideration and weighing of evidence in its legal relations. *Lindquist Appeal,* 364 Pa. 561, 564.5, 73 A.2d 378, 380-1 (1950). A very brief statement of the board's reasons for denying a special exception does not comport with the requirement that the board make findings of fact as required by section 908(9) of the code. *Zoning Hearing Board v. Konyk,* 5 Pa. Commw. 466, 290 A.2d 715 (1972). In *Konyk,* the order of the board was even more informative than the transcribed minutes in the present case and there the court found the order to be inadequate. There the board denied a special exception for the operation of a gasoline station in a "business" zoning district, stating:

" '(1) The reasons given by the applicant are not substantial, serious and compelling. (2) The granting of said special exception would not be in keeping with the character of the neighborhood. (3) The public health, safety and general welfare of the neighborhood would be adversely affected by the granting of this request in that, (A) A traffic hazard

would be created resulting in a dangerous condition when automobiles entered or exited from the proposed use because of the heavy automobile traffic on State Road. (B) There would be danger to the safety of children because of the large number of them passing the subject property going to and from school.' The board did not, however, make findings of fact and conclusions of law in support of its order as required by the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, Act. no. 247, Article IX, §908(9), 53 P.S. §10908(9)." *Konyk, supra.*

Specific fact findings are not required if a zoning hearing board's opinion provides an adequate explanation of its resolution of the fact questions and if it sets forth its reasoning in such a way as to demonstrate that its decision was reasoned and not arbitrary, *Borough of Youngsville v. Zoning Hearing Board,* 69 Pa. Commw. 281, 450 A.2d 1086 (1982). In *Youngsville,* two of the board members made reference and adopted a 1967 letter from the borough's solicitor to the board in regard to the case and the board made the letter a part of the record. The Commonwealth Court stated that the letter was an adequate findings of fact and conclusions and may be adopted by the board of its findings and conclusions.

We believe the minutes in the Leskos' case before us do not present the kind of factual findings and conclusions necessary to comply with section 10908(9).

If this were an appeal of the board's deemed approval notice, we would remand the case to the zoning hearing board to hear new evidence or to supply the required findings and conclusions. See *B.J.M. Urban Development Corp. v. Fayette County Zoning Hearing Board,* 1 Pa. Commw. 534,

275 A.2d 714 (1971); *Rees v. Zoning Hearing Board,* 2 Pa. Commw. 551, 279 A.2d 354 (1971).

However, the board's publication of the "deemed approval" requires the court to examine the second issue below.

## THE TIMELINESS AND MANNER OF THE APPEAL

The city has failed to make a timely appeal pursuant to 53 P.S. §11001-A. That section provides that "the procedures set forth in this article (Article X-Appeals) shall constitute the exclusive mode for securing review of any decision rendered pursuant to Article IX (§ 11001-A et seq.) or deemed to have been made under this act." The city's right to injunctive relief is not one of those remedies provided under Article X of Title 53. Accordingly, the zoning board's deemed approval of the special exception should have been appealed no later than 30 days after the date such notice of the deemed approval was given. The city never attempted to effectuate an appeal. To permit the city of Titusville to attack its zoning board's decision through a collateral equity action would be to circumvent the procedural rules for appeal under Article X.