## Robert C. Boyd *v.* Wilkins Township Board of Adjustment.

Argued April 14, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*Ewing C. Bashor*, for appellant.

*Ira R. Hill*, with him *Reed, Smith, Shaw & McClay*, for appellee and intervenors.

OPINION BY JUDGE MANDERINO, July 21, 1971:

Robert and Sara Boyd have appealed to this court from a decision of the Court of Common Pleas of Allegheny County which affirmed the action of the Board of Adjustment of Wilkins Township, denying the Boyds a variance from the side yard requirements of the Wilkins Township Zoning Ordinance.

In February of 1968, the Boyds purchased a lot in a plan known as the Penhurst Plan in Wilkins Township from the Amore Construction Company, which company then erected a dwelling house on the lot for the Boyds. The plot plan submitted to the Building Inspector by Amore did not show a side porch on the house which was a part of the completed construction. Owners of a lot adjoining the Boyds objected to the side porch because it extended into the side yard area required by the Zoning Ordinance. Section 4.4 of the Wilkins Township Zoning Ordinance requires that each side yard, in the district involved here, have a width of at least ten feet. In this case, it is undisputed that

the width of the side yard because of the extension of the side porch is only 7.4 feet. The Boyds filed an application for a variance with the Zoning Board of Adjustment. The Board denied the request and on appeal to the Court of Common Pleas of Allegheny County, after a hearing de novo on the matter, the Board's decision was affirmed.

Since the lower court held a hearing de novo, our scope of review is to determine whether or not the lower court committed an error of law or an abuse of discretion. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A. 2d 426 (1970). This Court can find neither an error of law nor an abuse of discretion in the lower court's opinion and order.

The Boyds have requested a variance. The law of this Commonwealth is clear that there are two criteria which must be met before a variance can be granted: (1) unnecessary hardship upon and which is unique or peculiar to the property involved, as distinguished from the hardship arising from the impact of the zoning ordinance on the entire district; *and* (2) that the proposed variance is not contrary to the public safety, health, morals, or general welfare. *O'Neill v. Zoning Board of Adjustment,* 434 Pa. 331, 254 A. 2d 12 (1969); *Di Santo v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A. 2d 135 (1963).

An applicant seeking a variance has the burden of proving that he has met both of the above criteria. *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280 (1958). The Boyds have obviously not met this heavy burden. The Township Ordinance requires that every house in the district where the Boyds live have at least a ten foot side yard. This "hardship" is in no way unique to the Boyds' property nor have they alleged that it is so. They merely assert that they were unaware of the violation until construction

was completed and that compliance now would result in considerable expense and destruction of the aesthetic character of their home. The Boyds cannot rely on their unawareness of the side yard requirements in the ordinance. Such a reason is not a legally sufficient reason to grant a variance. In addition, the financial loss involved in structural changes is not the type of unnecessary hardship sufficient to warrant the granting of a variance. *Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A. 2d 61 (1964).

Arguments relating to innocence in the violation of a zoning ordinance or to the expense involved in compliance or to the seriousness of the violation may be proper in the consideration of a remedy after construction, but not on the question of the legal right to a variance.

The Boyds' argument that their burden is somehow decreased or lessened because their request was for a variance from area requirements rather than from use requirements is without merit. In Pennsylvania, the same criteria is used whether the variance requested is from area or use requirements. *Riccardi v. Plymouth Board of Adjustment,* 393 Pa. 337, 142 A. 2d 289 (1958).

Finally, the Boyds argue that their request is not one for a variance but one for a special exception, and that the Township has the burden of proving that such exception should not be granted. A special exception is a permitted use and nowhere in the Township Ordinance applicable to the district involved here, is a side yard of less than ten feet permitted. The only way to gain permission for such a side yard is by way of a variance request. The Boyds failed to establish that they had met the necessary criteria for the granting of a variance.

The order of the Court of Common Pleas of Allegheny County is affirmed.