Board of Adjustment of the City of Pittsburgh, Appellant v. Domenic Brandi et ux., Appellees.

378

Submitted on briefs, May 4, 1978, to Judges Mencer, Rogers and DiSalle, sitting as a panel of three.

*D. R. Pellegrini*, Assistant City Solicitor, with him *Mead J. Mulvihill, Jr.*, City Solicitor, for appellants.

*Thomas A. Livingston*, with him *Dennis J. Clark*, for appellees.

Opinion by Judge DiSalle, June 30, 1978:

This is an appeal from a lower court order which concluded that the use of their premises by Domenic Brandi and his wife (Brandi) was not in violation of Section 601 of the Zoning Code of the City of Pittsburgh which does not permit commercial uses in an R-1 one-family residential zone.

On May 8, 1975, Brandi filed an application for an occupancy permit for premises which included a one-

family dwelling, a two-car detached garage and a one story building, the latter being used for the storage of household articles and electrical supplies of a business which Brandi owned. The Zoning Administrator refused to grant the requested occupancy because, in his opinion, the use of the premises included an electrical business which is not a permitted use in an R-1 one-family residential district.

Brandi then applied to the Zoning Board of Adjustment for a variance to conduct the electrical business on their property. After a hearing, the Board denied the application on the ground that Brandi had not met the criteria necessary for the Board to grant a variance. Brandi then appealed the Board's decision to the Court of Common Pleas of Allegheny County.

The lower court took additional testimony and ruled that the "use" to which Brandi was putting the property was not in derogation of the City of Pittsburgh's zoning ordinance with respect to R-1 one-family districts, since Brandi was not, in its judgment, conducting an electrical business on the premises. Therefore, the court ruled, no variance was necessary. After a Petition for Reconsideration was granted and argued, the lower court affirmed its prior order, and the instant appeal was perfected by the City of Pittsburgh.

On appeal to this Court where additional testimony is considered by the lower court, our scope of review is to determine whether the court below committed an error of law or abused its discretion. *Durkin Contracting Co. v. Zoning Board of Adjustment*, 6 Pa. Commonwealth Ct. 211, 293 A.2d 622 (1972). We find that the lower court erred in concluding that Brandi was not operating an electrical business on the subject premises. Brandi testified that he was an electrical contractor, and that he had no office apart from the subject premises; that electrical supplies and mer-

chandise were delivered by suppliers to the premises for storage until they were used at the job sites; that electrical equipment used in the business was stored in one of the garages on the premises; and that the electrical supplies and equipment used at the job sites were loaded onto two vans and a truck owned by him. Further, the record indicates that the two vans and the truck are parked at the premises at night, when not at a job site. All vehicles have signs which identify them as commercial vehicles. Brandi's employees report for work at the subject premises and take their assigned vehicles to job sites. Although the record does not disclose that Brandi actually performs any electrical work on the premises, it is clear that Brandi is conducting a commercial business thereon.

We conclude that the present use of the premises cannot continue absent the granting of a variance. Although the lower court heard this matter *de novo*, it failed to address the issue of whether Brandi was entitled to a variance. We therefore remand this case to the court below for that purpose.

### ORDER

AND Now, this 30th day of June, 1978, the order of the Court of Common Pleas of Allegheny County dated October 26, 1976, is vacated and this case is remanded for further proceedings consistent herewith.