Raymond E. **ANDERSON**, Rose Ann Anderson, Michael Anderson, Robert Betton, Adam Yelito and Daniel Anderson, Appellants,

v.

## ZONING HEARING BOARD OF HAMPTON TOWNSHIP.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 1997.

Decided March 21, 1997.

James H. Limbaugh, Allison Park, for appellants.

David M. Moran, Pittsburgh, for appellee.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Raymond Anderson, Rose Ann Anderson, Michael Anderson, Daniel Anderson, Robert Betton and Adam Yelito (Owners) appeal an Allegheny County Common Pleas Court order that affirmed a Hampton Township Zoning Hearing Board (Board) decision denying a variance application involving several lots in Hampton Township (Township).

In 1993, Raymond Anderson (Anderson) purchased a ten-acre parcel in the Township known as the "English property." He sought to subdivide that property into three parcels. Before the Township would approve the subdivision, it required that Anderson meet requirements relating to private roads. After receiving permission from the Township, Anderson constructed a private road, which included a sewer line. The road gave access to two of the three English property parcels.

Adjacent to the English property, and now abutting the completed private road, are four vacant lots that are the subject of this appeal. Anderson testified that, while obtaining from his neighbors a required maintenance agreement for the private road, the owners of three of the vacant lots offered to sell him their lots. Anderson purchased those lots, one for himself and one for each of his sons.

At issue here is Anderson's proposal to build homes on the four vacant lots, each of which is seventy-five feet wide. Under his proposal, a variance of ten feet in total per lot would be required given the forty foot cumulative side-yard requirement of the local zoning ordinance. It is undisputed that a variance would also be necessary due to an ordinance limitation of no more than two lots accessing a private road.[1]

Anderson applied for a building permit, which was denied. Acting as agent for the other Owners, he appealed to the Board, seeking a variance from the side-yard requirement and, with respect to the four lots as well as another lot, the private road access requirement.

In denying Owners' request, the Board noted that Anderson had only submitted a proposal as to one of the properties for one home that he "might" build. The Board found that, as Anderson admitted, he could build homes on the four lots in compliance with the zoning ordinance that would be similar in size and style to the type of housing existing in much of the Township. Owners appealed to the trial court, asserting that they were entitled to a variance by estoppel. The trial court rejected that challenge and this appeal followed.

The issue presented here is whether Owners were lulled by apparent approval from the Township into believing an illegal use was permissible and thus are entitled to a variance by estoppel. The parties have recognized that the following factors are relevant to determining whether a variance by estoppel should be granted:

1. A long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation in conjunction with some form of 'active' acquiescence in the illegal use;

2. Whether the landowner acted in good faith and innocently upon the validity of the use throughout the proceedings;

3. Whether the landowner has made substantial expenditures in reliance upon his belief that his use was a permitted use;

4. Whether the denial of the variance would impose an unnecessary hardship, such as the cost to demolish an existing building.

*Spargo v. Zoning Hearing Board of Municipality of Bethel Park*, 128 Pa.Cmwlth. 193,

---

1. This is a source of some confusion because the ordinance section to which we are directed in this regard states that a lot of a certain type "may be developed without need for a variance, provided ... the lot abuts an improved street accepted by the Township." The Board in its decision cited this provision and simply stated that the lots need variances to *access the private road.* As explained below, the Board clearly suggested that Owners can build on the lots, and we can decide this appeal despite the lingering uncertainty on the applicable provision here.

563 A.2d 213, 217 (1989) (emphasis omitted) (citation omitted).

Owners contend that the Township knew of and acquiesced in their proposed use. They assert that the Township supervised Anderson's installation of the private road, storm sewers, a sewer line, a water line and a fire hydrant, and knew the sewer line, which does not reach the English property, was to service the four lots in question. Owners submit that Anderson in good faith spent $80,000 on the private road in reliance upon his belief that he could build on the four lots fronting the road, and that he never would have done the work if he had been told he could not build on the lots. Owners note that the lots were recorded well before the local zoning ordinance was enacted. They also claim unnecessary hardship due to the loss of profit from not selling improved lots.

The Board responds by arguing that, as shown by Anderson's own testimony, the Township permitted the construction of the private road, and Anderson incurred expenses, so that he could access the English property subdivision, which is not involved here. The Board contends that there is no evidence that the Township misled him in any way and there was no basis for the Township to anticipate Anderson's subsequent planned use of the four lots along the private road. The Board claims that, when Anderson had the road work performed, he stated his intention was to leave as much undeveloped property as possible, and there was no evidence that he submitted plans for any of the lots involved here until after he completed the private road. In fact, the Board argues, it appears that Anderson did not even purchase the vacant lots until after the road was built.

■ Our review of this case reveals that there are actually three questions involved. The first question is whether a variance by estoppel should have been granted as to the side-yard requirements. That question is easily resolved against Owners, when the Board's arguments, the record in this case and the criteria for variance by estoppel are considered. The following rationale of the trial court provides a cogent answer:

At a minimum, the evidence in this case does not establish a right to a variance by estoppel as to the side yard requirements since there is absolutely no evidence that the Township was ever aware of Mr. Anderson's intention to build wider ranch style homes on these lots until after the improvements to the road were installed.... The burden is on the landowner to ascertain the zoning regulations applicable to the property before beginning construction. *Boyd v. Wilkins Township Board of Adjustment,* 2 Pa.Cmwlth.Ct. 324, 279 A.2d 363 (1971).

To grant a variance by estoppel in this case would be to hold that the Township had a duty to be aware of Appellant's intent before any formal plans were submitted, and to act as Appellant's legal counsel in interpreting the Ordinance. This is a duty far in excess of what the law currently imposes.

Finally even if such a duty existed it is not certain that the Township should reasonably have known of Appellant's plans where Mr. Anderson, who led the effort to improve the private road, owned a large property at the base of the road. Because this property benefitted from the improvements, and because Mr. Anderson did not at the time own the property on which he now seeks to build, the Township's failure to guess Mr. Anderson's true intent was understandable.

*Anderson v. Hampton Township Zoning Hearing Board* (No. S.A.2681-95, September 13, 1996), slip op. at 3-4.

■ The second question here is whether a variance by estoppel should have been granted as to the limitation of two lots accessing a private road. Based on the rationale set forth above, the trial court stated that, "because it cannot be shown that the Township was aware of and actively acquiesced in Appellant's plans, the doctrine of variance by estoppel cannot be invoked to justify the placement of the houses on a private road." *Id.,* slip op. at 3. We again agree with the court. Anderson's complaint that he was never told he would need a variance to build on other lots does not show knowledge or acquiescence on the Township's

part as to illegal development plans and, in any event, when questioned as to why a variance was not initially required for access to the English property, Anderson testified that he was told he could have two lots accessing the private road. (Notes of Testimony, August 28, 1995, pp. 51–52). Nor are the relevant criteria for variance by estoppel satisfied by the mere assertions that the sewer line in the private road did not reach the English property and that the Township was aware the English property was serviced by another sewer line. Instead, the evidence points to the conclusion that the private road was built for the proposed English property subdivision, before Anderson purchased the other lots or proposed to build on them.

One final matter warrants consideration. While the Board clearly discussed and denied Owners' request for a side-yard variance, it did not do so as to the request for a variance for more than two lots accessing the private road. The Board made the following statements, which suggest that Owners can legally build on the lots:

> Mr. Anderson, when questioned, admitted that under the current zoning he could build a home which would be similar in size and style to the type of housing that exists in much of the Township. Mr. Anderson believes that that type of housing is not as saleable, nor as profitable.

> Mr. Anderson admits that the lots are buildable under the current Ordinance and that the house would be similar to many existing units in the Township....

> Mr. Anderson further conceded that he could easily build a large ranch house on each of the lots that would comply with the current zoning. Mr. Anderson also has not shown the Board one house that he *would* build on any lot. The Board has been asked to act on what is really a request in a vacuum, not on a real request.

> The Board has not received a real plan for the property. The Applicant's agent has presented a plan for a house he *might* build on one of these properties.

Therefore ... the ... Board ... finds that: the variance request is NOT GRANTED.

(Board decision, September 25, 1995, pp. 5–6) (emphasis in original).

When the Board's decision is reviewed in its entirety, it must be concluded that a determination has *not* been made that the lots are not "buildable" or that Owners are not entitled to any necessary variance from requirements pertaining to the private road. Although Owners are now precluded from obtaining a *variance by estoppel* from such requirements, the Board appears to have at the least deferred decision on the merits of granting a variance from private road limitations. We see nothing in the Board's decision that would prevent Owners from submitting a new plan to build houses on the vacant lots within side-yard requirements.[2]

Accordingly, the trial court's order upholding the Board's decision is affirmed in accordance with this opinion.

### *ORDER*

AND NOW, this 21st day of March, 1997, the order of the Court of Common Pleas of Allegheny County, No. S.A. 2681–95, dated September 13, 1996, is hereby affirmed in accordance with the foregoing opinion.

---

2. Thus, as is suggested in the Board's opinion, where houses meeting side-yard requirements and similar to others in the Township can be built, but might be less profitable than the house originally proposed, there is no unnecessary hardship.