Beebe, et al. *v.* Media Zoning Hearing Board and Hibberd, et al., Additional Parties.

Argued February 9, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Anthony R. Semeraro,* with him *Matthew J. Ryan* and *Mullray, Ryan & Semeraro,* for appellants.

*Alexander A. DiSanti,* with him *Richard, Brian, DiSanti & Hamilton,* P. A., for appellees.

OPINION BY JUDGE MENCER, March 14, 1972:

The use of a parcel of ground consisting of .8124 acres and located in the Borough of Media, Delaware County, is the subject of this lawsuit. The parcel is triangular in shape with its side boundaries formed by the intersection of Providence Road on its easterly side and Monroe Street on its westerly side. There is a residential dwelling located on the property which is inhabited by the owners, Walter H. Hibberd and Alberta Hibberd, husband and wife. On March 31, 1970, the owners of the property entered into an agreement with Shell Oil Corporation of America (Shell) whereby Shell obtained an option to purchase the property.

An application for a variance to permit the construction of a gasoline service station was made to the Media Zoning Hearing Board (Board) which conducted a hearing and thereafter denied the application. Shell petitioned the Court of Common Pleas of Delaware

County for a writ of certiorari with the result that on November 25, 1970, that court remanded the case to the Board for the purpose of taking additional testimony. Following the taking of additional testimony, the Board granted the requested variance. Thereafter, certain residents of the Borough of Media (appellees) filed an appeal with the Court of Common Pleas of Delaware County.

Appellees had not been represented by counsel prior to this time and, in connection with the appeal, counsel for appellees, on May 5, 1971, filed a motion to remand the case to the Board for the purpose of taking further testimony. Appellees' motion to remand was scheduled for hearing on the same date the case was listed for argument before the court below and on that date, May 19, 1971, counsel for appellees agreed to withdraw his motion to remand upon agreement of counsel for appellants that certain evidence, consisting of two photographs of the dwelling located on the property and an affidavit taken of one of the appellees relative to the price paid for the property by the present owners, be admitted into evidence by the court below. In accordance with this stipulation of counsel, the said items of evidence were filed of record.

The lower court heard argument and filed an opinion and order under date of August 30, 1971, which reversed the Board's grant of the variance. Shell and the property owners appealed to this Court from the lower court's order of August 30, 1971. Appellees filed a motion to quash this appeal but this motion was withdrawn at oral argument.

We reluctantly remand this case to the Court of Common Pleas of Delaware County. However, we must do so since that court decided this case on the incorrect scope of review. The scope of review of a decision entered by a zoning hearing board depends entirely on

whether the lower court accepts additional evidence. Where the court reviews the appeal solely on the record taken before the zoning hearing board, the issue is whether the board abused its discretion or committed an error of law. *Mulac Appeal,* 418 Pa. 207, 210 A. 2d 275 (1965). However, if the lower court takes any additional evidence, it then decides the case de novo, and the issue on appeal is whether the court, not the zoning hearing board, abused its discretion.

Here the lower court incorrectly concluded in its opinion that, since "[n]o testimony was taken before this Court," no additional evidence had been admitted before the court. The lower court did receive relevant evidence consisting of two photographs of the residence presently existing on the property in question and an affidavit relative to the purchase price paid by the present owners. As we said in *Hauck v. Wilkes-Barre City Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 76, 79, 276 A. 2d 576, 578 (1971) : "Where the Court of Common Pleas takes evidence it deems necessary for a proper disposition of the appeal, its duty is to decide the issue on the merits. Rogalski v. Upper Chichester Twp., 406 Pa. 550, 554, 178 A. 2d 712 (1962). It is immaterial that this evidence consisted entirely of exhibits and plans entered by stipulation. Cresko Zoning Case, 400 Pa. 467, 470, 162 A. 2d 219 (1960) ; Soroka v. Falls Township Zoning Board of Adj., 14 Bucks Co. L. Rep. 172 (1964) ; Carter v. Yardley Borough Zoning Board of Adj., 14 Bucks Co. L. Rep. 14 (1964). '[T]he shape of the case with the new exhibits is not the same as without it.' Cresko Zoning Case, supra, at page 470; see also, Richman v. Zoning Board of Adjustment, 391 Pa. 254, 137 A. 2d 280 (1958)."

Therefore, since the lower court did admit into the record additional evidence, it had the duty to decide the case de novo and on the merits. Here the lower

court in its opinion stated that ". . . the sole question for determination is whether the board abused its discretion or committed an error of law in making its decision." This would have been the proper test if additional evidence had not been admitted before the court below. Accordingly, we must remand so that the lower court can reach a decision on the merits rather than by reviewing only whether the Board abused its discretion or committed an error of law.

Since the lower court on remand will be deciding this case de novo, it will be necessary that it consider the record and the findings of fact made by the Board as supplemented and replaced by findings of fact made by a judge of the lower court, in order to comply with the mandate of Section 1009 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. , No. 247, Art. X, §1009 (53 P.S. §11009). The obvious purpose in delineating the findings of fact is to facilitate appellate review. Likewise, the final decision shall contain conclusions of law.

Accordingly, the lower court's order of August 30, 1971 is vacated and set aside and the record is remanded to the court below to decide this case de novo and on the merits.