Broad Acres Construction, Inc., Appellant *v.* Zoning Hearing Board of North Coventry Township and North Coventry Township, Appellees.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Arthur F. Loeben, Jr.*, with him *Richard E. Wells*, *Wells, Wells, Loeben & Hoffman*, for appellant.

*Timothy F. Hennessey*, for North Coventry Township.

OPINION BY JUDGE CRAIG, January 20, 1983:

Broad Acres Construction, Inc. appeals an order of the Court of Common Pleas of Chester County which, in affirming the decision of the North Coventry Township Zoning Hearing Board, upheld that township's refusal to issue a building permit to Broad Acres to reconstruct its apartment building, a legal nonconforming use, which had been partially destroyed by fire.

The township denied the permit application under section 803(D) of the township's zoning ordinance, which prohibits the reconstruction of a nonconforming use involuntarily damaged to an extent greater than 75% of its fair market value.[1]

Because we are affirming the common pleas court's order on the basis of the substantive findings in the

---

[1] Section 803(D) provides:

RESTORATION. Any lawful non-conforming building or other structure which has been involuntarily damaged or destroyed by fire, explosion, windstorm, or other similar active cause, to an extent of not more than seventy-five (75%) percent of its fair market value immediately prior to destruction, may be reconstructed in the same location, PROVIDED that the reconstructed building or structure shall not exceed the height, area or volume of the damaged or destroyed building or structure, except as provided in paragraph (B) of this Section, hereinabove, and reconstruction shall begin within one (1) year from the date of damage or destruction and shall be carried on without interruption.

able opinion of Judge Gawthrop,    D. & C.3d (1981), we need to discuss only the burden of proof issue involved in considering ordinance provisions like section 803(D). As Judge Gawthrop observed, this issue is one of first impression before our court.

Where a municipality, by legislation, sets restrictions on the reconstruction of a substantially damaged nonconforming use, it has described, in effect, a conditionally permitted use. That type of ordinance provision resembles a special exception, see Bray v. Zoning Board of Adjustment, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980), although it also differs in that the determination of whether the conditions have been met is not expressly delegated to the zoning hearing board as prescribed in section 913 of the Pennsylvania Municipalities Planning Code (MPC).[2]

Despite that difference, however, the requirement that certain conditions exist before a municipality will allow an applicant to proceed with reconstruction of a nonconforming use more closely resembles a special exception than the situation which the common pleas court found to be analogous—abandonment of a nonconforming use, where a municipality has the burden of persuasion to establish that the property owner did abandon the use. See, e.g., Baird v. Slippery Rock Zoning Board, 20 Pa. Commonwealth Ct. 236, 340 A.2d

---

[2] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10913, which provides:

Where the governing body in the zoning ordinance, has stated special exceptions to be granted or denied by the board pursuant to express standards and criteria, the [zoning hearing] board shall hear and decide requests for such special exceptions in accordance with such standards and criteria. In granting a special exception, the board may attach such reasonable conditions and safeguards in addition to those expressed in the ordinance as it may deem necessary to implement the purposes of this act and the zoning ordinance.

904 (1975). In an abandonment case, the municipality thus must establish "the existence or non-existence of facts upon which its legal rights depend, and against whom judgment would be given if no evidence were produced on the other side." 2 G. Henry, Pennsylvania Evidence §726 (1953). *See Kuhl v. Zoning Hearing Board of Greene Township,* 52 Pa. Commonwealth Ct. 249, 251-52, 415 A.2d 954, 956 (1977) (municipality must "show concurrent overt acts or failure to act which indicate abandonment").

Here, however, the property owner has initiated the proceeding by seeking a permit to reconstruct his nonconforming use. The key point is that events here have required the owner to be the moving party, proposing new work with respect to a type of structure not among those permitted in the district involved. Although the owner is admittedly a victim of circumstances in this situation, the perpetuation of nonconforming uses is not favored in the law. *See Hanna v. Board of Adjustment,* 408 Pa. 306, 183 A.2d 539, 543 (1962), in which our Supreme Court said:

> Even though zoning ordinances permit the continuance of nonconforming uses, it is the policy of the law to closely restrict such nonconforming uses and to strictly construe provisions in zoning ordinances which provide for the continuance of nonconforming uses. Nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which shall be restored to conformity as speedily as is compatible with the law and the Constitution.[3]

---

[3] *Compare Kellman v. McShain,* 369 Pa. 14, 85 A.2d 32 (1951). The only contested issue in *Kellman* involved the right to expand a nonconforming use, *i.e.,* to enclose a 10' by 10' roof opening which had existed previously; hence, discussion in the opinion implying a right to reconstruct a destroyed building, absent specific limiting ordinance provisions, appears to constitute dictum.

Accordingly, an ordinance limitation such as the one here, forbidding the restoration of a nonconforming structure which fate has substantially eliminated, is a valid exercise of the police power. *AFSO Builders, Inc. v. Upper Darby Zoning Hearing Board,* 12 Pa. Commonwealth Ct. 100, 314 A.2d 860 (1974).

Hence, as in the special exception situation, the applicant has the persuasion burden to show that he has met the prescribed conditions. *See Bray.*

Although Broad Acres had the persuasion burden, the parties, at the hearing before the board, agreed that the municipality would have the duty of first going forward with the evidence. Normally, in a zoning case, the burden of going forward with the evidence falls initially upon the party with the burden of persuasion, *see Bray,* but the effect of this agreement was inconsequential.

Because the trial court, even with the persuasion burden seen as falling upon the township, found upon the record that the building's damage did exceed 75% of its market value, the limitations of our scope of review constrain us to accept that factual result.

Therefore, after a careful review of the record, we affirm on Judge GAWTHROP's opinion, noting only the burden of proof modification discussed above.[4]

---

[4] Broad Acres contends that the common pleas court improperly considered the board's additional findings of fact. Following Broad Acres' appeal from the board's decision of October 18, 1978, the common pleas court remanded the record to the board on August 14, 1979 for the board to supplement its findings of fact within sixty days. On October 22, 1979, sixty-nine days after the common pleas order and nine days after the deadline for the board's filing of the additional findings, Broad Acres filed a "motion to make appeal absolute." Two days later, the board presented a "petition for leave to file response nunc pro tunc to the common pleas court," and the court, without a hearing, granted the board leave to file its response.

## ORDER

Now, January 20, 1983, the order of the Court of Common Pleas of Chester County, No. 79 November Term, 1978, dated April 27, 1981, is affirmed.

Recognizing our admonition in *Lando v. Springettsbury Township Zoning Board of Adjustment*, 4 Pa. Commonwealth Ct. 312, 286 A.2d 924 (1972), that zoning hearing boards do not gain delay simply by failing to make appropriate findings of fact, Broad Acres has urged this court to ignore the board's additional findings. However, in *Lando*, we expressly held that a common pleas court has the discretion to remand a case to the board for correction of an error if the board has not rendered the proper opinion. Furthermore, in *Fazio v. Zoning Hearing Board of East Marlborough*, 32 Pa. Commonwealth Ct. 243, 378 A.2d 1299 (1977), we noted that the MPC contains no provision that the failure of a board to meet the time requirements specified in a court order for a supplemental hearing and additional findings will result in a decision in the applicant's favor. We emphasized that the applicant had other procedural remedies available to enforce the court order, including mandamus or a contempt action. Also, we note that the delay in *Fazio* was fifteen months and the delay here was only eleven days. Therefore, the common pleas court had discretion to consider the board's additional findings of fact.