511 A.2d 933

John F. Rayel and Nancy Rayel, Appellants *v.* Bridgeton Township Zoning Hearing Board, Appellee.

Argued April 10, 1986, before Judges CRAIG and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Rhae L. Blynt, Curtin and Heefner,* for appellants.

*Christopher F. Stouffer, Hepburn, Willcox, Hamilton & Putnam,* for appellee.

OPINION BY JUDGE BARRY, July 1, 1986:

John F. Rayel and Nancy Rayel, the appellants, appeal from an order of the Court of Common Pleas of Bucks County which affirmed a decision of the Bridgeton Township Zoning Hearing Board denying the appellants a use permit for property in which they held an equitable interest.

The property in question had been owned by Esther Morrow and Carl Morrow, husband and wife, (the Morrows) since 1970. The property was used as a drive-in restaurant, serving fast food and ice cream. Sometime after the commencement of this use, the Township passed a zoning ordinance which made the use a non-conforming one.

In 1979, the Morrows borrowed $46,450.00 from the National State Bank of Elizabeth, New Jersey (Bank). The loan was secured by a mortgage on the property. Having fallen in default to the Bank, the Morrows filed for bankruptcy in October of 1980. Following the filing of the bankruptcy petition, the property was not being used as a restaurant or for any other purpose.

In order to release the property from the Bankruptcy Court's automatic stay, the Bank filed an adversary

proceeding. In January of 1982, the Morrows and the Bank filed a stipulation of settlement of the adversary proceeding wherein the parties agreed that the Morrows had until March 15, 1982, to sell the property. If the Morrows were unsuccessful in their efforts, the property would be subject to a foreclosure action by the Bank. Furthermore, the parties agreed that the Bank could immediately institute the foreclosure action on the condition that the property not be listed for sheriff's sale prior to May 14, 1982.

When the Morrows were unable to sell the property, they filed an answer and new matter to the Bank's complaint in mortgage foreclosure. After filing a reply to the Morrow's new matter, the Bank filed a praecipe setting the case for a hearing. The hearing was held in September of 1982 and the trial court issued a decision in favor of the Bank. The Morrows filed exceptions, thereby necessitating arguments on the exceptions which were held in February of 1983. On August 30, 1983, the trial court dismissed the Morrows' exceptions and entered a final decree in the Bank's favor.

The Bank thereafter entered judgment against the Morrows and listed the property for the next available sheriff's sale. At that sale, which was held in January of 1984, the Bank purchased the property. The Bank received a deed conveying the property to it on January 25, 1984. The deed was immediately recorded.

The Bank then began negotiating with a number of interested buyers, including the appellants. On March 1, 1984, appellants and the Bank signed an agreement of sale which was contingent upon appellants obtaining the necessary municipal permits to operate a restaurant. The application for a use permit was denied because the proposed use was not permitted under the intervening zoning ordinance and the prior non-conforming use had ceased for more than six months,

thereby evidencing an abandonment under Section 605 of the Bridgeton Township zoning ordinance.

Appellants filed an appeal to the Zoning Hearing Board which also held that the non-conforming use had been abandoned, thereby again denying the use permit. An appeal was then filed to the common pleas court. In addition to the record made before the Zoning Hearing Board, the court considered a lengthy stipulation of the parties which chronicled the events leading to the Bank's purchase of the property at sheriff's sale. The trial court affirmed the Zoning Hearing Board and this appeal followed.

When the common pleas court accepts a stipulation which supplements the record made before the Zoning Hearing Board, the court is required to decide the matter de novo. *Beebe v. Media Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 29, 288 A.2d 557 (1972). As the trial court, in this case, exercised appellate review, a remand would normally be required. *Boron Oil Co. v. Baden Borough,* 6 Pa. Commonwealth Ct. 583, 297 A.2d 833 (1972). We believe, however, that the record of uncontradicted facts permits us to exercise our appellate review and such a remand is unnecessary. *See Pantry Quik v. Zoning Board of Adjustment of the City of Hazleton,* 1 Pa. Commonwealth Ct. 326, 274 A.2d 571 (1971).

Our review depends on whether the trial court did or did not take additional evidence. In the former case, we must determine whether the trial court committed an error of law or an abuse of discretion, *Beebe,* while in the latter, we must determine whether the Board was guilty of the same. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970).

When the issue is one of abandonment of a non-conforming use, discontinuance of such use for a period of time in excess of that called for in the zoning ordi-

nance creates a presumption of an intent to abandon. *Smith v. Board of Zoning Appeal of the City of Scranton,* 74 Pa. Commonwealth Ct. 405, 459 A.2d 1350 (1983). The presumption can carry the burden of proving intent to abandon if no contrary evidence is presented. *Id.* However, in addition to proving intent to abandon, those who oppose the continuation of the non-conforming use must prove that the use was actually abandoned. *Sullivan v. Zoning Board of Adjustment,* 83 Pa. Commonwealth Ct. 228, 478 A.2d 912 (1984).

In the present case, there are no factual disputes, aside from the question of the Morrows' intent to abandon the property. Regardless of how that question is resolved, we believe the undisputed facts show no actual abandonment. In holding to the contrary both the Zoning Hearing Board and the trial court committed an error of law, thereby requiring a reversal of the trial court's order.

In *Upper Providence Township Appeal,* 414 Pa. 46, 198 A.2d 522 (1964), one VanBilliard owned and operated an amusement park as a non-conforming use. When VanBilliard fell behind in payments to his mortgage holder, foreclosure proceedings were instituted. As a result, VanBilliard removed all of the mobile equipment from the park and placed a sign on the property stating that the park was closed. Although the mortgagee obtained the property at a sheriff's sale, it was unable to sell the property until one year later. While the property was for sale, it was not used in any manner. The zoning ordinance of Upper Providence Township contained a provision that a non-conforming use would be considered abandoned if not so used for a period of one year.

Eventually, one Miller bought the property and sought a permit to continue the non-conforming use. The zoning board of adjustment, considering that

VanBilliard placed a closed sign on the property, removed and sold as much personal property as was possible and removed his children from the local schools, held that the property had been abandoned for more than one year and, accordingly, denied the application for the use permit. Without taking additional testimony, the court of common pleas reversed, holding that the zoning board of adjustment committed an error of law in finding that the non-conforming use had been abandoned.

In affirming the order of the common pleas court, the Supreme Court stated:

> The board of adjustment relied upon VanBilliard's conduct to demonstrate intentional legal abandonment. While his conduct might be construed to be a factual 'abandonment' in that he seemed to abandon not only the nonconforming use but also his living quarters on the property, VanBilliard's actions did not constitute a legal abandonment. He had full knowledge that the bank was going ahead with foreclosure proceedings and that he would no longer own or be entitled to use the property. The land was being sold against his will. He had no choice but to leave, either with or without his equipment, some of which he chose to sell, some of which he left behind. That his children did not return to the school they had attended indicates nothing more than that the VanBilliard family had left the school district.

> The factor which determines whether or not the non-conforming use was discontinued is the conduct of the new owners of the property. 'The right to continue the nonconforming use, once established and not abandoned, runs with the land and this right is not confined to any one in-

dividual or corporation. A vested right, unless abandoned, to continue the nonconforming use is in the land.' *Eitnier v. Kreitz Corp.*, 404 Pa. 406, 412, 172 A.2d 320, 323 (1961).

With its powers of management strictly limited, the bank could neither operate nor abandon the nonconforming use during the year it held title. The actions of [the purchaser from the bank] do not indicate voluntary abandonment. It is apparent that they are attempting to continue the use.

*Id.* at 51-52, 198 A.2d at 524-25.

We believe that the present case is indistinguishable from *Upper Providence*. The Zoning Hearing Board attempts to distinguish the two cases by arguing that the period of non-use in the present case is so much longer in duration as to render *Upper Providence* inapposite. Suffice it to say that the period of non-use in this case is directly related to the litigation resulting from the foreclosure proceedings, and the length of such period is of no relevance to the crucial analysis.

ORDER

Now, July 1, 1986, the May 20, 1985 order of the Court of Common Pleas of Bucks County at No. 84-3858-10-6, is reversed.