## Sala v. Fairview Township Zoning Hearing Board

*Richard A. Vendetti,* for petitioner.
*Colleen C. McCarthy,* for respondent.
*Patricia J. Kennedy,* for intervenor.

LEVIN, *J.,* September 13, 1994—This matter is before the court on petitioner's, Ronald A. Sala, appeal from the denial of a zoning variance by the respondent, Fairview Township Zoning Hearing Board.[1]

The instant appeal arises from the zoning board's denial of a variance to continue the nonconforming use of a mobile home on property located at 7245 East Water Street in Fairview Township. This nonconforming use was established over 27 years ago in 1967 by the former owner, Mrs. Margie Kuziak. Mrs. Kuziak lived in the mobile home until her death on July 19, 1991. During her residence, Mrs. Kuziak had several contacts with the township regarding violations of the

---

1. On March 16, 1994, the Board of Supervisors of Fairview Township intervened in this action as an interested municipal entity in support of the zoning board's denial of the variance.

zoning ordinance, including the maintenance of farm animals and accumulation of junk on the property. After Mrs. Kuziak's death, the property reverted to her estate, which rented the property until a fire damaged the mobile home on January 30, 1992. Since the fire, the mobile home has remained vacant.

In August of 1993, the petitioner purchased the property from the estate of Mrs. Margie Kuziak with the intent to renovate the mobile home for rental. Petitioner did, in fact, spend approximately $3,500 in renovations, including a new hot water heater and plumbing repairs.

Unbeknownst to the petitioner, the zoning violations were still outstanding and negotiations between Fairview Township and the executor of the estate continued until an agreement was reached on September 10, 1993. This agreement, which the township claims included the removal of the mobile home, was reached after the purchase of the property by petitioner. When the township realized that the property was transferred, they issued a notice of zoning violations to petitioner on December 9, 1993. On the same date, the petitioner requested a variance to continue the nonconforming use, which was denied. Petitioner then appealed this denial to the zoning board.

A hearing was held before the zoning board on February 1, 1994. On February 28, 1994, the zoning board rendered its decision denying the variance. One reason for the denial was the zoning board's finding that the nonconforming use had been abandoned. This finding of abandonment arose from the township's zoning ordinance which defines abandonment as the discontinuance of a nonconforming use for a period in excess of six months. Fairview Township Zoning Ordinance §902(c) (1988). The zoning board found that this provision was met where the mobile home had been neither inhabited nor in any way repaired for a period of 18

months. Petitioner's appeal before this court arises from this decision.

Before the court are basically two issues. The first issue is whether the petitioner is bound by an alleged agreement to remove the mobile home, struck between the estate and Fairview Township. The second issue is whether the nonconforming use was terminated by abandonment, which would preclude the reinstatement of the use unless a variance was granted by the zoning board.

The first issue is straightforward. This court finds that the petitioner cannot be bound by an agreement between the former owner, the estate, and Fairview Township which was executed subsequent to petitioner's purchase of the property. Since the estate was not the owner at the time of the agreement, it did not have the authority to effect or agree to effect changes to the property. Further, petitioner was never a party to the agreement. There is no evidence that he was even aware of the ongoing negotiations or of any bad faith by petitioner.

Although the respondent is correct that a buyer has the duty to inquire regarding the zoning of the property to be purchased, petitioner's inquiry prior to purchase would have shown the existing violations, but not their resolution. Thus, even assuming that the agreement between the estate and Fairview Township called for the removal of the mobile home, the petitioner could not be bound by an agreement made subsequent to his purchase and without his assent.

The second issue requires a review of the applicable Pennsylvania law pertaining to the termination of a nonconforming use. A lawful nonconforming use[2] is

---

2. A nonconforming use is defined as a use which does not comply with present zoning provisions, but which existed lawfully and was

a vested property right which cannot be abrogated or destroyed unless it is a nuisance, it is abandoned by the owner, or it is extinguished by eminent domain. *Pennsylvania Northwestern . Distributors v. Zoning Hearing Board*, 526 Pa. 186, 192, 584 A.2d 1372, 1375 (1991). The burden of proving abandonment lies with the municipality or the protestants. See *Broad Acres Construction Inc. v. Zoning Hearing Board of North Coventry Township*, 71 Pa. Commw. 280, 454 A.2d 675 (1983). A finding of abandonment requires proof of an intent to relinquish the use voluntarily and actual abandonment of the use. See *Rayel v. Bridgeton Township Zoning Hearing Board*, 98 Pa. Commw. 455, 511 A.2d 933 (1986).

In the instant case, the zoning board did not base their finding of abandonment on petitioner's actions. Instead, they found that the nonconforming use had been abandoned during the former ownership of the property by the estate of Marjorie Kuziak. Thus, this opinion will analyze the abandonment based on the circumstances during the estate's ownership. Whether the finding of abandonment was justified depends on a review of the discontinuance provision of the zoning ordinance. Fairview Township Zoning Ordinance §902(c) (1988). This provision provides that abandonment occurs when a nonconforming use has been discontinued for a period of six months or more.[3] *Id.*

---

created in good faith prior to the enactment of the zoning provision. See *Miller Appeal*, 85 Pa. Commw. 407, 410, 482 A.2d 688, 691 (1984), *rev'd on other grounds*, 511 Pa. 631, 515 A.2d 904 (1986).

3. The Commonwealth Court has interpreted zoning ordinances such as section 902(c) to create a presumption of an owner's intent, when the specified time has passed, to abandon the nonconforming use. See *Smith v. Board of Zoning Appeal of City of Scranton*, 74 Pa. Commw. 405, 459 A.2d 1350 (1983). This presumption was

The zoning board reasoned that this provision was met where the mobile home was uninhabited and no repairs were done for over 18 months after the fire on January 30, 1992.

Recently, the Pennsylvania Supreme Court stated that the lack of use standing alone was insufficient to prove abandonment:

". . . [A]bandonment of a nonconforming use cannot be established by mere proof of a failure to use a property or of a temporary use of property not inconsistent with an intention to use it for the original purpose. There must be evident proof of an intent of the present owner to abandon." (citations omitted) *Pappas v. Zoning Board of Adjustment of the City of Philadelphia,* 527 Pa. 149, 153, 589 A.2d 675, 677 (1991). Thus, the failure to use the mobile home could not by itself support a finding of abandonment.

In addition, Pennsylvania case law has consistently held that discontinuance of a nonconforming use based on forces beyond the owner's control will not prove actual abandonment.

---

rebuttable by the production of evidence of an intent other than abandonment, which if believed by the fact finder, returns the protestants their burden of persuasion on this issue. *Id.* at 409, 459 A.2d at 1353. (citations omitted) Recently, the Pennsylvania Supreme Court decision in *Pappas v. Zoning Board of Adjustment of the City of Philadelphia,* 527 Pa. 149, 589 A.2d 675 (1991), leaves the status of "discontinuance" provisions and their presumptions in some doubt. Assuming that the creation of presumption from a discontinuance provision is still good law, this court finds that the petitioner has rebutted the presumption. In particular, the use of the mobile home was not abandoned voluntarily, but was forced by a fire. Also, the mobile home was never removed and the property was sold as is with the mobile home. From these facts, the court can infer that the estate did not intend to abandon the nonconforming use.

"A showing of actual abandonment by the landowner is not proved by a mere temporary discontinuance of the business which is the result of forces beyond his control including war, shortage of materials or supplies necessary for the continued operation of the use, *destruction of the property by natural disaster,* the financial inability of the owner to carry on due to general economic depression, and *cessation of business during repair of the property.*" (emphasis added) *Smith, supra* at 410, 459 A.2d at 1353; see also, *Rayel, supra* at 455, 511 A.2d 933; (No abandonment found where prolonged cessation of the use resulted from bankruptcy and foreclosure proceedings.) *Grace Building Co. Inc. v. Zoning Hearing Board of the City of Allentown,* 38 Pa. Commw. 193, 392 A.2d 892 (1978); (Circumstances which were found to be beyond the owner's control included a robbery and a failed sale of the property.) *Upper Providence Township Appeal,* 414 Pa. 46, 198 A.2d 522 (1964); (Abandonment not found where nonuse was due to mortgage foreclosure proceedings.) *Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commw. 84, 277 A.2d 176 (1971); *West Mifflin v. Zoning Hearing Board,* 3 Pa. Commw. 485, 284 A.2d 320 (1971).

The nonuse of the mobile home when owned by the estate originated with the fire which damaged the mobile home. There is little doubt that a fire qualifies as a circumstance beyond the owner's control and thus, could not support a finding of abandonment. Although it could be argued that the failure to repair the mobile home for a period of 18 months was within the owner's control, the zoning board could not find abandonment of the use from this alone. See *Smith, supra.* Additionally, the zoning board must prove that the owner intended to abandon the use, which it has failed to prove.

Intention with respect to abandonment of a nonconforming use is to be ascertained from overt acts, or failure to act, as well as statements. *Marchese, supra* at 95, 277 A.2d at 183. The zoning board argues that the estate's alleged agreement in September, 1993, manifests an intent by the landowner to abandon the use. There is a fatal flaw to this argument; the estate was not the landowner at the time of the agreement. Thus, this evidence cannot be used to show intent to abandon.

The intervenor also asserts two grounds for a finding of intent to abandon. First, the intervenor argues that the use of the property as a junkyard was a change in its use which manifests an intent to abandon the use of the mobile home.[4] The evidence at the hearing does not support this conclusion. The junk on the property had accumulated on the property at the same time that the mobile home was used as a residence. Thus, the storage of junk, albeit in violation of the zoning ordinance, did not supplant the use of the mobile home nor was it inconsistent with the intention to use the property for a mobile home residence. See *Smith, supra.*

Second, the intervenor argues that the failure to repair manifests such an intention. The intervenor cites section 908 of the Fairview Township Zoning Ordinance which allows the restoration of a nonconforming use, which is damaged by fire, if initiated within one year of damage. Fairview Township Zoning Ordinance §908 (1988). Whereas it is possible that a failure to act for a prolonged period can be evidence of an intent to abandon, the court believes that such a conclusion here is premature

---

4. Petitioner does not claim a right to use the property as a junkyard and he has already begun to clean up the property. If cleanup is not done to the satisfaction of Fairview Township, the township has means to deal with such a problem.

where the estate was in the midst of being settled and no other evidence supports intent to abandon. See *Pappas, supra.*

No overt acts or statements by the former owners, Mrs. Kuziak or her estate, show an intent to abandon the use of the mobile home. Mrs. Kuziak established the mobile home on the property and lived there until her death in 1991. After her death, the estate continued the use of the mobile home by renting the property to a tenant. Only after the damage by fire to the mobile home did the use of the mobile home cease. Although the estate did not make the necessary repairs prior to the sale of the property, neither did they remove the mobile home or in any way indicate their willingness to do so.[5] Further, the estate chose instead to sell the property "as is" to a purchaser who wished to continue the use.

Based on these facts, the zoning board has failed to carry its burden to prove abandonment of the nonconforming use. In rendering this opinion, the court is mindful of the principle of law as stated by a former Chief Justice of the Supreme Court and President of the United States, William Taft:

"Next to the right of liberty, the right of property is the most important individual right guaranteed by the Constitution and the one which, united with that of personal liberty, has contributed more to the growth of civilization than any other institution established by the human race." William Taft (1857-1930) United States President, Chief Justice of the United States Supreme Court.

---

5. The agreement between the estate and Fairview Township, dated September 10, 1994, could not support an intent to abandon the use, since the estate no longer had the power or authority to act on behalf of the property.

This opinion is a logical extension of this principle. Thus, petitioner's vested property right to continue the nonconforming use of the mobile home is hereby protected and his appeal is sustained.[6]

## ORDER

And now, September 13, 1994, it is hereby ordered, adjudged and decreed that petitioner's appeal from the denial of zoning variance is hereby sustained.

Further, the Fairview Township Zoning Hearing Board and the Board of Supervisors of Fairview Township are hereby bound by the determination of this court that the nonconforming use of the mobile home remains vested in the property located at 7245 East Water Street, Fairview, Pennsylvania.

---

6. Since the court has found that the nonconforming use has not been abandoned, it need not reach the issue of whether the variance was properly denied where the property failed to meet the current requirements of the township zoning ordinance.