## Loduca v. Zoning Hearing Board of the Borough of Danville

C.P. of Montour County, no. 591 of 1998.

*W. Kim Hill,* for appellant.
*J. David Smith,* for appellee.

JAMES JR., *J.,* February 23, 2000—This matter is before the court on an appeal by Matteo Loduca, appellant, from a decision of the Zoning Hearing Board of the Borough of Danville, appellee. On March 27, 1998, appellant purchased real estate at 100 Mill St., Danville, Montour County, Pennsylvania. The seller, United Petroleum, had operated a Citgo gas station, a permitted use, on the premises. Although appellant testified at the hearing that he had continued to pump gas on the premises until the end of April 1998, the board found that the use as a Citgo station ended on March 27, 1998.

Appellant removed the gas tanks from the lot in the summer of 1998. His uncontradicted intention was to transform the property into another permitted use. Originally, he wanted to use the property for a small hotel, but he could not get it licensed. Appellant then intended to transform the property into a deli-restaurant which he would lease to a third party or operate himself.

When appellant purchased the property, there was a free-standing sign advertising Citgo gas. This sign was admittedly a nonconforming sign under the ordinance. This district was zoned C-2 (central business district). Only much smaller free-standing signs are permitted in this district. Danville Zoning Ordinance §139-34E5(h).

By letter dated September 11, 1998, borough informed appellant that the free-standing sign was in violation of the ordinance and its removal was requested. Appellant mistakenly requested a variance before the board and was denied. Upon appeal to this court, it was agreed that the matter should be reheard on the issue of whether the nonconforming sign had been abandoned under the ordinance and the law. The board found that the use of the nonconforming sign had been discontinued for in excess

of six months and that under the ordinance, the sign was abandoned. This appeal followed.

Our scope of review in zoning cases, where a record has been made before the board and where no additional evidence was presented before us, is limited to determining whether the board committed an abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 554-55, 462 A.2d 637, 639-40 (1983).

There needs to be a two-step analysis of the underlying abandonment issue. First, we must determine whether "sign" means the free-standing standard itself or the *words* in the advertising area of the free-standing standard. "Decisions in cases dealing with the effect of the cessation or discontinuance of a nonconforming use naturally turn on the language of the particular ordinance or statute under consideration." *Marchese v. Norristown Borough Zoning Board of Adjustment,* 2 Pa. Commw. 84, 95, 277 A.2d 176, 183 (1971).

The ordinance defines a sign as "a structure, device, light or natural object (including the ground itself or any device attached thereto or painted or represented thereon) which shall be used to identify, advertise, or attract attention to any object, product, place, activity, person, institution, organization, firm, group, commodity, profession, enterprise, industry, or business or which shall display or include any letter, word, model, number, banner, flag, pennant, insignia, device or representation used as an announcement, direction or advertisement. For the purpose of this chapter, the word 'sign' shall include all signs which can be seen or are intended to be seen from any public right-of-way either on or off the premises. No interior sign shall be required to conform to these regulations." Danville Zoning Ordinance §139-7.

A free-standing sign is defined as "a sign supported by one or more uprights, poles, posts, or braces placed in or upon the ground in a fixed location and not attached to any building or structure." Danville Zoning Ordinance §139-7.

Section 139-7 defines "sign, abandoned" as "a sign erected on and/or related to the use of a property which becomes vacant and unoccupied for a period of six months or more or any sign which no longer advertises a bona fide business conducted or product sold on the premises or which relates to a time, event or purpose."

Clearly, the definition of "sign, abandoned" envisions a change of wording on a sign as long as a "bona fide business" is conducted or product is sold on the premises. The board found that "the actions of Matteo Loduca after March 27, 1998, evidence intent to discontinue the operation of a Citgo gasoline station on the property, and evidence intent to discontinue the use of the existing free-standing sign." Several cases have wrestled with the definition of "sign" in analyzing abandonment cases. See *In re Appeal of Autohaus Lancaster Inc.,* 4 D.&C.4th 69 (Lancaster 1989); *Stockburger v. Newtown Borough Board of Adjustment,* 27 D.&C.2d 633 (Bucks 1962). However, the analysis must start with the ordinance in question. *Marchese, supra* at 95, 277 A.2d at 183.

In our case, it is the size, type, and location of the sign that is being regulated, not the wording on the sign. The definition of "sign, abandoned" envisions a change in wording as long as there is a bona fide business existing or product being sold. It is the free-standing nature of the sign structure or device that is being regulated.

Thus, the second part of the analysis in this case is to determine whether the free-standing sign structure or device has been abandoned.

In abandonment of nonconforming use cases, the burden of proving abandonment is on the party so asserting, here the appellee. *Smith v. Board of Zoning Appeals of the City of Scranton,* 74 Pa. Commw. 405, 410, 459 A.2d 1350, 1353 (1983). The courts have recognized that nonconforming uses are not favorites in the law, but that property owners have a constitutional right to continue a nonconforming use until the municipality meets its burden of proving that it has been abandoned. *Baird v. Zoning Board of Adjustment of Slippery Rock Borough,* 20 Pa. Commw. 236, 244, 340 A.2d 904, 908 (1975).

The operative part of the ordinance in this case is section 139-34E7(d)(3) which states that "nonconforming signs or sign locations which are discontinued or not used for a period of at least six months shall be deemed abandoned and the use of the nonconforming sign shall terminate." When an ordinance permits existing nonconforming uses in a district until "discontinued," the word "discontinued" is to be taken as the equivalent of "abandoned." *Marchese, supra* at 95, 277 A.2d at 182-83.

"As distinguished from mere discontinuance, the concept of the term 'abandonment' includes the intention to abandon. Consequently, the abandonment of a nonconforming use and the consequent termination of any legal right thereto results from a concurrence of facts, circumstances, and the intention of the owner of the premises or other person entitled to the use. Intention with respect to the abandonment of a nonconforming use is to be ascertained from the overt acts, or failure to act, as well as statements." *Id.* at 95, 277 A.2d at 183. Where there is a time limit on the right to resume the nonconforming use, the intention to surrender the right is presumed from the expiration of the designated time period, six months in

our case. "Although because of this presumption it becomes unnecessary to prove the intent to abandon after cessation of one year [six months in our case], it is still necessary to show the concurrent overt acts or failure to act which indicate abandonment." *Id.* at 96, 277 A.2d at 183. (footnote omitted)

In our case, the appellee has clearly failed to prove abandonment of the sign. First, the letter of violation was sent to the appellant less than six months after the gas station was sold to appellant, which is the earliest time on record for possible abandonment. Thus, on its face, the ordinance does not permit a finding of abandonment.

Second, the board based its decision on the new owner changing the use of the property from a gas station to another permitted business, thus indicating an intent to abandon the free-standing sign. "The right to continue a nonconforming use, once established and not abandoned, runs with the land and this right is not confined to any one individual or corporation." *Id.* at 98, 277 A.2d at 184. See also, *Clanton v. London Grove Township Zoning Hearing Board,* 743 A.2d 995, 997 (Pa. Commw. 1999); *Rayel v. Bridgeton Township Zoning Hearing Board,* 98 Pa. Commw. 455, 511 A.2d 933 (1986). Appellant has a right to continue to use the free-standing sign unless and until he abandons the use.

Finally, the borough had to prove concurrent overt acts or failure to act or statements which indicate abandonment. The only acts or failure to act which the borough proved was that appellant was not going to use the property as a gas station. The borough did not provide any facts to indicate abandonment of the free-standing sign. Even though the burden of proving abandonment is on the borough, the owner in his turn may demonstrate that

the facts and circumstances support the conclusion that the nonconforming use of the sign was not abandoned. *Marchese, supra* at 98-99, 277 A.2d at 184. Appellant clearly indicated that he was intending to continue a commercial establishment on the property and that the free-standing sign was a crucial part of his plans. The appellee did not dispute this.

"The question of abandonment, being a question of fact, depends on a weighing of all the various factors present in an individual case." *Hilltown Township v. Horn,* 13 Pa. Commw. 248, 252, 320 A.2d 153, 155 (1974). The appellee has not carried its burden of proving that the use of the nonconforming free-standing sign has been abandoned. The decision of the board was not supported by substantial evidence. See 53 P.S. §11005-A. The board made an error of law in determining that the free-standing sign has been abandoned.

## ORDER

And now, February 23, 2000, the decree of the Zoning Hearing Board of the Borough of Danville is reversed.